GEORGIA HOME INS. CO. v. HALSEY.

No. 2971.    Opinion Filed June 19, 1913.

(133 Pac. 202.)

1. STIPULATIONS—Withdrawal—Discretion of Court. It is within the sound judicial discretion of the court as to whether a party will be permitted to withdraw from a stipulation concerning a case pending before the court.

2. SAME—Where parties entered into a stipulation as to what question should be submitted to the court, it was not an abuse of discretion for the court to refuse to permit one of the parties to withdraw from the stipulation after the question had been argued to the court.

3. PLEADING—Departure—Reply—Insurance. The petition in an action on a policy of fire insurance alleged that plaintiff had complied with all the conditions of the policy except as had been waived. The answer alleged a failure to comply with the conditions of the policy with reference to taking an inventory and keeping books showing a complete record of the business, etc. The reply denied all the affirmative allegations of the answer and alleged further that the insured kept a set of books which at all times substantially disclosed the exact status of his business, and that from them could be ascertained to a substantial and reasonable certainty the exact condition of his business. Held, that the matters alleged in the reply could have been proven under the allegtions of the petition and general denial contained in the reply, and that the reply was not a departure from the petition.

4. JUDGMENT—Right to Set Aside—Rendition. The court has the right, on its own motion, to set aside an erroneous judgment during the term at which it was rendered. And where the ques-

tion submitted is one of law, upon which argument has been heard, to render the proper judgment without rehearing the case.

(Syllabus by Rosser, C.)

*Error from County Court, Grady County;*
*N. M. Williams, Judge.*

Action by Walter Halsey against the Georgia Home Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Scothorn, Caldwell & McRill,* for plaintiff in error.
*F. E. Riddle,* for defendant in error.

Opinion by ROSSER, C. This is an appeal from a judgment of the county court of Grady county in favor of Walter Halsey against the Georgia Home Insurance Company, upon a policy of fire insurance. The petition was an ordinary petition, alleging the making of the contract, and alleging further that the plaintiff had performed all the conditions required of him to be performed by the provisions of the policy, except such as had been waived by the company and by consent changed. It made a copy of the policy an exhibit. The defendant answered and denied all the material allegations contained in the petition, except such as were specifically admitted. The answer further alleged that the policy of insurance contained a provision which required the insured to take an itemized inventory at least once in each calendar year, and one which required the insured to keep a set of books showing a complete record of the business transacted, including all purchases, sales, and shipments of stock, both for cash and credit, and, third, which required the insured to keep the books and inventory, and also the last preceding inventory, securely locked in a fireproof safe at night, and at all times when the building mentioned was not actually opened for business, or "failing in this the insured will keep such books and inventories at night, and at all such times, in some place not exposed to fire which would ignite or destroy the aforesaid building; and, in case of loss, the assured specifically warrants, agrees and covenants to

produce such books and inventories for the inspection of said company." The answer further alleged that the plaintiff had failed to comply with this provision of the policy, had failed to make an itemized inventory of the stock in each calendar year. had not taken an inventory of the stock within twelve calendar months prior to the date of the policy; that he had failed to keep a set of books which showed a complete record of the business transacted, etc., and failed to keep such books as he did have and as he kept in the transaction of his business and the inventories referred to in said policy of insurance, or either of them, locked in a fireproof safe, and did not keep such books and inventories, at times when the room occupied by the stock of goods was not open for business, in some place not exposed to fire; and that he had failed to produce the books and inventories provided for in the policy.

The plaintiff filed a reply to this answer, which is as follows:

"Comes now the plaintiff in the above-entitled cause and files this reply to the answer of plaintiff filed herein, and for such reply denies each and singular every affirmative allegation of new matter in said answer alleged. Second. For further reply, this defendant especially denies that said policy contained absolute warranties, as alleged, but avers the truth to be that said provisions, as quoted in said answer, are in the nature of promissory warranties. Third. Plaintiff denies that he did not take an inventory of said stock of goods, as alleged in said answer, denies that he did not comply with the terms and provisions of said policy as alleged in said answer, and denies that he did not keep a set of books showing substantially the status and condition of his business, as alleged in said answer; but avers the truth to be that he was engaged in what is known as a cash grocery business in a suburb of the city of Chickasha, and was doing no credit business, and that he kept a set of books which at all times substantially disclosed the exact status of his said business, and that on the date of said fire it could be ascertained to a substantial and reasonable certainty the exact condition of his said business, the amount of stock on hand and cash received, and such other matters as were necessary for the disclosure and information of the adjuster of the

insurance company in adjusting said policy. Fourth. Plaintiff further avers that he was not experienced in bookkeeping, was unable and it was impossible for him to have kept a scientific, technical, and correct set of books, and that his business did not justify him in employing a bookkeeper for said purpose, but that the books he did keep were sufficient to show to a reasonable certainty the condition of his said business, and while he admits that he did not have an iron safe in said place, of business at said time, he avers the truth to be that at all times when said business was not open he had his books and other papers kept in connection with said business in a reasonably safe place and that he did not keep them in said store during the time said store was not open for regular transaction of business.   He further avers the truth to be that none of said books and papers that were kept in connection with said business and which were material and necessary in the way of furnishing information as to the status of said business were burned in said fire."

When the case came on for trial the plaintiff started to read his reply to the jury. The defendant objected to the reading of the reply for the reason that it was a departure from the petition, and that the plaintiff could not make the defenses contained in it, even if they were true.

It appears that there was some controversy between them, and that the court did not rule upon the question immediately, and the counsel then entered into the following agreement:

"It is hereby agreed by and between plaintiff and defendant in open court that this cause may be submitted to the court upon an issue of law, as follows:   Whereas, the defendant heretofore filed a motion to strike portions  of plaintiff's reply and now objects in open court to the reading of said reply by plaintiff and the consideration of the same by the court in this case, whereupon the plaintiff proposed in open court to submit said issue to the court and in the event the court holds in this cause said motion to strike said reply and said objection as now made is good and well taken, that judgment shall be rendered for the defendant dismissing plaintiff's cause of action and a final judgment on the merits.   In the event that the court should hold that said motion to strike and said objection made to said reply is not well taken under the law in this cause, then judgment shall be rendered for the plaintiff for the count

sued for in his petition. It is understood either party shall have the right to prosecute an appeal from said decision, and in the appellate court the cause shall be finally submitted and decided upon this one issue, and final judgment rendered thereon."

This agreement seems to have been dictated to the stenographer, though the record is not clear upon this point. At any rate, it appears from the record that before the agreement was written the questions agreed to be submitted in the agreement were argued to the court, and he announced his judgment, which was in favor of the insurance company, at that time. But counsel for the company, for some reason, after the agreement was written and after he had signed it and after the matter had been argued to the court and he had announced his decision, erased his signature from the agreement and requested the court to release him from the agreement. There were some other cases pending against other insurance companies in which the same counsel appeared for plaintiff and defendant respectively, and another agreement had been drawn and signed with reference to the other cases. When defendant's counsel asked to be relieved from the stipulations the court consented to relieve him from the stipulations in all the cases except the one in which the argument had already been heard, but refused to permit him to withdraw from the stipulation in this case.

This was not error. Such matters are within the discretion of the court, which discretion cannot be interfered with unless abused. *Moffit v. Jordan,* 127 Cal. 628, 60 Pac. 175; *State Ins. Co. v. Farmers' Mut. Ins. Co.,* 65 Neb. 34, 90 N. W. 997; *Meldrum v. Kenefick,* 15 S. D. 370, 89 N. W. 863. The court did not abuse his discretion in refusing to permit counsel to withdraw from the stipulation, after the time of the court had been taken up in hearing the argument.

It is contended that the stipulation gave the court no issue to decide; that it was in effect a wager. This position is not tenable. The effect of the stipulation was that the defendant admitted that the allegations of the reply were true, and that he had no defense unless the reply constituted a departure;

while plaintiff agreed in effect that if it did constitute a departure judgment should be rendered against him, and that he would not ask to cure the defect in his petition by amending it so as to allege in it the same matters that were set up in the reply; a course which he might well have taken had the reply constituted a departure, subject of course to suffering the case to be continued unless the defendant was ready for trial.

The reply did not constitute a departure. It amounted simply to a general denial of the allegations of the answer. It is true that it stated that the plaintiff had substantially complied with the provisions of the policy alleged by the defendant to have been breached, but this was surplusage. He could have proved a substantial compliance under the allegations of his petition, and the general denial in the reply, of the breach of conditions as alleged in the answer. See *Liverpool & London & Globe Ins. Co. v. Kearney,* 180 U. S. 132, 21 Sup. Ct. 326, 45 L. Ed. 460; s. c., 2 Ind. T. 67, 46 S. W. 414; *Western Assurance Co. v. McGlathery,* 115 Ala. 213, 22 South. 104, 67 Am. St. Rep. 26; *Western Assur. Co. v. Redding,* 68 Fed. 708, 15 C. C. A. 619. Besides, the answer pleaded a breach of a promissory warranty, and the reply would not have been a departure even if it had gone much further than it did. *Western Reciprocal Underwriters' Exchange v. Coon,* 134 Pac. 22, (not yet officially reported) ; *Great Western Life Ins. Co. v. Sparks,* 132 Pac. 1092, (not yet officially reported.)

It is contended that the court erred in setting aside the judgment rendered in favor of the defendant and rendering judgment for the plaintiff. The argument is that as the case was tried on the stipulation no motion for new trial was necessary, and the court had no jurisdiction to entertain a motion or to set aside its first judgment. It is not necessary to decide the question whether a motion for new trial was proper under the circumstances. A court has control of its judgments during the term at which they are rendered and may set them aside of its own motion, if they are erroneous. *Shallenberger v. Brady, ante,* 131 Pac. 1096. Of course, the court should not

act arbitrarily in so doing, and it might act so unfairly and oppressively as to make its action error, regardless of whether or not the judgment set aside was correct or not. But in the present case all parties knew the court had under consideration the matter of setting aside its judgment, and no circumstances of fraud or oppression exist.

The question presented was one of law, and it is not claimed that the defendant did not fully present its argument thereon. Therefore the court had the right, when it set aside its erroneous judgment, to render one in accordance with law and without a formal rehearing of the case.

The judgment should be affirmed.

By the Court: It is so ordered.