## HALE v. INDEPENDENT POWDER CO.

No. 4270.   Opinion Filed April 27, 1915.

(148 Pac. 715.)

1.  **APPEAL AND ERROR—Presentation Below—Motion for New Trial.** To review errors at the trial, a motion for new trial must have been filed and passed upon by the trial court.

2.  **JUDGMENT—Construction—Obscure Entry—Parties.** If the entry of a judgment is so obscure as not to express the final determination with sufficient accuracy, reference may be had to the pleadings and to the entire record. If, with the light thrown upon it by them, its obscurity is dispelled, and its intended signification made apparent, it will be upheld and carried into effect. In case of doubt regarding the signification of a judgment, or any part thereof, the whole record may be examined for the purpose of removing the doubt. One part of the judgment may be modified or explained by another part; and uncertainties in the judgment may become certain under the light cast upon them by the pleadings or other parts of the record. Though the judgment purports to be against the defendants, without naming them, only one of them will be bound, if it appears from the context that only he was meant, or from the return of the service of process that only he was brought within the jurisdiction of the court. On the other hand, though the word "defendant" is written in the body of the judgment, it will be construed as referring to and including all the defendants named in the caption.

3.  **APPEAL AND ERROR—Parties—Joint Judgment—Defendants—Dismissal.** The rule that all persons against whom a joint judgment has been rendered must be made parties to a proceeding in error to reverse such judgment is jurisdictional, and a failure to join any of them either as plaintiffs or defendants will necessitate a dismissal of the case for want of jurisdiction.

(Syllabus by Robberts, C.)

*Error from District Court, Ottawa County;*

*Preston S. Davis, Judge.*

Action by the Independent Powder Company against C. L. Hale and others. Judgment for plaintiff, and defendant Hale brings error. Appeal dismissed.

*S. C. Fullerton,* for plaintiff in error.

*Vern E. Thompson* and *O. F. Mason,* for defendant in error.

ROBBERTS, C.   This action was commenced in the district court of Ottawa county by the defendant in error, hereinafter designated as plaintiff, against C. L. Hale, C. P. Farrow, H. L. Marshal, and A. S. Hadley, partners doing business under the firm name and style of Swastika Mining Company, to recover the sum of $579.35, on open account for goods and merchandise, sold and delivered.   Defendants C. L. Hale and C. P. Farrow answered by general denial, and also a special denial as to the existence of partnership between said parties, verified.   There seems to have been no appearance as to defendants H. L. Marshal and A. S. Hadley.   Trial was had to the court and jury, and verdict returned as follows:

"We, the jury impaneled and sworn in the above-entitled cause, do upon our oaths, find for the plaintiff, and fix the amount of their recovery at $561.70, with interest at the rate of 6 per cent. per annum from March 14, 1911, until paid.   And further find that at the time the debt sued on in this action was contracted the Swastika Mining Company was a partnership composed of the following members, to wit:   C. L. Hale and H. L. Marshal.

"Thomas Peckham, Foreman."

The defendant C. L. Hale filed his separate motion for new trial, which was overruled by the court, and exceptions saved.

No motion for new trial was made by defendant H. L. Marshal, and judgment was rendered by the court, which is as follows:

"Now on this 15th day of February, 1912, the same being a day of the adjourned session of the regular October, 1911, term of this court, this cause coming on for hearing on the motion of the defendant for a new trial, and the same is heard by the court and overruled, and defendant excepts, and court renders judgment on the verdict of the jury for plaintiff, in the sum of $561.70, with interest thereon at the rate of 6 per cent. per annum from the 14th day of March, 1911, until paid, and, further, that the Swastika Mining Company was a partnership consisting of

the following named persons: Chas. L. Hale and H. L. Marshal —and the defendant excepts."

Thereupon the defendant Hale brings error. The case-made was not served on either of the other defendants. Neither of the other defendants were made parties plaintiff or defendant in error. Briefs were not filed on behalf of the defendant in error and no motion to dismiss the appeal, for failure of plaintiff in error to serve the case-made on the other defendants below, nor for failure to make defendant Marshal, a party to the appeal.

Under such circumstances, does this court acquire jurisdiction of the case? The jury 'in its verdict finds for the plaintiff and against the defendants, and that H. L. Marshal was a member of the partnership. The judgment of the court is for the plaintiff, against the defendants, and that Marshal was a member of the partnership. The verdict and judgment are both a little ambiguous; but, considering the case in the light of the pleadings and entire record, we are of the opinion that the judgment is a joint, personal judgment against C. L. Hale and H. L. Marshal.

Having a like question under consideration, the Supreme Court of Kansas says:

"Wherever a judgment is open to two or more interpretations, that interpretation should be given to it which will make it correct and proper, and which will make it correspond with the pleadings and the other proceedings in the case, and not an interpretation which will render it improper or erroneous. Also, wherever the entry of a judgment is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and the other proceedings; and if, with the light thus shown upon such entry, its obscurity is dispelled, and its intended signification made apparent, the judgment will be upheld and carried into effect in the same manner as though its meaning and intent were made clear and manifest by its own terms." (*Clay v. Hildebrand*, 34 Kan. 701, 9 Pac. 470).

On the same subject, the Supreme Court of Iowa says:

"When a judgment entry is obscure, it will be construed in

the light of the pleadings and the entire record." (*Fowler v. Doyle,* 16 Iowa. 534.)

Judge Freeman, in his excellent work on Judgments, at section 45, says:

"If the entry of a judgment is so obscure as not to express the final determination with sufficient accuracy, reference may be had to the pleadings, and to the entire record. If, with the light thrown upon it by them, its obscurity is dispelled, and its intended signification made apparent, it will be upheld and carried into effect. In case of doubt regarding the signification of a judgment, or of any part thereof, the whole record may be examined for the purpose of removing the doubt. One part of the judgment may be modified or explained by another part; and uncertainties in the judgment may become certain under the light cast upon them by the pleadings or other parts of the record. Though the judgment purports to be against the defendants, without naming them, only one of them will be bound, if it appears from the context that only he was meant, or from the return of the service of process that only he was brought within the jurisdiction of the court. On the other hand, though the word 'defendant' is written in the body of the judgment, it will be construed as referring to and including all the defendants named in the caption."

It being now settled that this is a joint judgment against Hale and Marshal, and that Marshal is not made a party to the appeal, it follows that the appeal must be dismissed for the want of jurisdiction of this court, and this for two reasons:

First, the defendant Marshal did not file a motion for new trial. To review errors at the trial a motion for new trial must have been filed and acted upon at the trial. *Beaver County Com. v. Langston,* 41 Okla. 715, 139 Pac. 956. The rule is too well settled to justify further citations.

Second, the case-made was not served upon Marshal, and he was not made a party to the appeal.

"All persons against whom a joint judgment has been rendered must be made parties to a proceeding in error to reverse

such judgment, and a failure to join any of them, either as plaintiffs or defendants is ground for the dismissal of the case." (*S. W. Surety & Ins. Co. v. Hall*, 40 Okla. 447, 139 Pac. 305.)

"A proceeding in error brought by three of four plaintiffs in whose favor a joint judgment was entered for recovery of a specified sum, in which the other plaintiff is made neither a party plaintiff nor defendant in error, must be dismissed for want of necessary parties." (*Weisbender v. School District*, 24 Okla. 173, 103 Pac. 639.)

"All persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and a failure to join any of them, either as plaintiffs or defendants, is ground for the dismissal of the case." (*Vaught v. Miners' Bank*, 27 Okla. 100, 111 Pac. 214.)

*Burns v. Toney*, 27 Okla. 728, 117 Pac. 209.

From the foregoing it is apparent that this court has no jurisdiction of this case, and we therefore recommend that the appeal be dismissed.

By the Court: It is so ordered.