## PFILE v. SARKEYS.

No. 27694.   March 22, 1938.

Rehearing Denied June 28, 1938.

Hatcher & Bond and Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiff in error.

Gerald Spencer, for defendant in error.

DAVISON, J.  This action to quiet title is presented on appeal from the district court of Grady county. It involves the ownership of an undivided interest in the oil, gas and mineral rights in and under a tract of land situated in that county. The rights of the parties depend upon the construction of a prior judgment rendered in a mortgage foreclosure action involving the same real estate.

In 1929, S. J. Sarkeys, defendant in error herein and defendant before the trial court, who was then the owner of the land in question, subject to an outstanding real estate mortgage, executed to the Heenan-Coe Company a conveyance of an undivided one-half interest in the oil, gas and minerals, which conveyance provided, however, for the termination of the interest thereby conveyed and the reversion thereof to the grantor in the event of the nonproduction of oil or gas on the 22nd day of April, 1934.

The conveyance was contemporaneous with the execution of an oil and gas lease providing a five-year exploratory period, which, having terminated by reason of nondevelopment, is not important in this litigation.

The interest conveyed by the mineral deed was, of course, subject to the outstanding mortgage. In April of 1930, the Heenan-Coe Company acquired the mortgage by assignment. In July of the same year it instituted an action to foreclose the mortgage which was prosecuted to final judgment decreeing a sale of the premises. The premises were sold pursuant thereto. The plaintiff, Charles Pfile, plaintiff in error herein, derived his title through this sale. He, of course, acquired no greater or larger interest in the land than was actually sold and conveyed on the foreclosure sale.

The defendant, Sarkeys, is claiming the one-half interest in the minerals on the theory that, since production of oil or gas on the land was not accomplished in 1934, the one-half interest in the minerals reverted to him, and that the one-half interest had not been affected by the foreclosure proceedings. The plaintiff, on the other hand, asserts that the reversionary interest in the mineral rights was a part of the interest in the land which belonged to the defendant at the time of the foreclosure proceedings, subject, of course, to the mortgage, and as such was foreclosed by the decree and sale in that case.

That the mortgage foreclosed covered the entire fee, including the mineral rights involved in the instant case, is not disputed. Neither, as we understand the briefs, does the defendant deny that the reversionary interest in the minerals was subject to sale in satisfaction of the mortgage debt. Nor is the validity of the foreclosure judgment assailed, although reference is made in the briefs to some authorities dealing with collateral attack on judgments. Both parties rely upon the foreclosure judgment and proceedings, one claiming that the reversionary interest was excluded therefrom, the other asserting the contrary. The question, then, involves an interpretation of the judgment.

An examination of the foreclosure proceedings discloses that the interest covered by the mineral deed was excluded from the foreclosure proceedings, but the interest thus excluded was described with sufficient clarity to negative the idea that the plaintiff intended to waive any right of foreclosure on the reversionary interest in the minerals. The pertinent portion of the petition reads:

"On April 22, 1929, defendant, S. J. Sarkeys, who then owned the property covered by plaintiff's mortgage, executed to plaintiff Heenan Coe Company a mineral deed whereby he conveyed an undivided one-half interest in all the oil, petroleum, gas, coal, asphalt and other minerals that might be produced from said property. Said mineral deed was filed for record in the office of the county clerk of Grady county, Okla., on May 14, 1929 and is recorded in book 296 of the miscellaneous records of said county at page 175 thereof. Said mineral deed contained a provision that unless oil or gas should be produced from said property before April 22, 1934, all rights granted by said deed should revert to the grantor. Said mineral deed is still in full force and effect and the rights thereunder are owned by plaintiff Heenan Coe Company. Plaintiff desires in this action to foreclose its mortgage subject to said lease and said mineral deed."

The excluded interest was again described in the findings of the court in the foreclosure action as reflected by the journal entry, which provided in part:

"4. That on April 22, 1929, defendant, S. J. Sarkeys, who then owned the property covered by plaintiff's mortgage, executed to plaintiff Heenan Coe Company, a warranty mineral deed whereby he conveyed an undivided one-half interest, in all the oil, petroleum, gas, coal, asphalt and other minerals that might be produced from said property. Said mineral deed was filed for record in the office of the county clerk of Grady county, Okla., on May 14, 1929, and is recorded in book 296 of the miscellaneous records of said county at page 175 thereof. Said mineral deed contained a provision that unless oil or gas should be produced from said property before April 22, 1934, all rights granted by said deed should revert to the grantor. Said mineral deed is still in full force and effect and the rights thereunder are owned by plaintiff Heenan Coe Company. Plaintiff is entitled in this

action to foreclose its mortgage subject to said lease and said mineral deed."

The judgment proper, as distinguished from the findings (Imo Oil & Gas Co. v. Chas. E. Knox Oil Co., 120 Okla. 13, 250 P. 117), decreed a foreclosure of the mortgage and ordered a sale of its property "to be made subject to plaintiff's * * * mineral rights as hereinbefore set forth." It further provided that upon the confirmation of the sale the defendant, Sarkeys, should be barred from **"all"** right, title, or interest in the mortgaged premises.

The nature of the interest excluded was preserved with the same degree of clarity throughout the sale proceedings held pursuant to the judgment.

"In construing a judgment it is necessary to take into consideration the situation to which it was to be applied and the purpose sought to be accomplished." Gade et al., Adm'rs. v. Loffler et al., 171 Okla. 313, 42 P.2d 815.

See. also, McNeil v. Baker, 135 Okla. 159, 274 P. 655.

Of course, the terms and wording of the judgment play a most important part, and the general purpose to be accomplished is to be considered only for the purpose of resolving any doubt created by ambiguity that may exist. for, in the absence of such uncertainty, no real need arises for the application of rules of construction. Frensley v. Frensley, 177 Okla. 221, 58 P.2d 307.

At the time the foreclosure proceedings were instituted, the plaintiff therein, Heenan Coe Company, was the owner of both the mortgage and the mineral interest conveyed by the subsequent mineral deed. Its obvious purpose in excluding the mineral interest was to subject the remainder of the property, exclusive of the mineral interest already owned by it. to the payment of the mortgage debt. No intent is expressed indicative of a desire to exclude from the foreclosure the contingent interest in futurity reserved to the defendant by the terms of the conveyance. That contingent interest was a part of the defendant's interest in the mortgaged premises and was comprehended by the term "all interest" of the defendant as used in the judgment.

This construction of the judgment is not only in accord with the literal meaning of the terms used in the judgment, but also in accord with the obvious purpose to be accomplished thereby.

Whether the technique of the method used in the foreclosure proceedings was subject to criticism upon legal grounds is a question not properly before us in this proceeding. since such error, if any, could only be considered on review of the foreclosure action in an appeal or other appropriate proceedings in connection therewith.

The plaintiff should prevail in the trial court, and the cause is remanded. with directions to enter judgment accordingly.

OSBORN, C. J., BAYLESS, V. C. J, and RILEY, WELCH. GIBSON. and HURST, JJ., concur. PHELPS and CORN, JJ., absent.