## HART v. HOWELL.

No. 28004.   Dec. 13, 1938.

Twyford & Smith and William J. Crowe, for plaintiff in error.

Everest, McKenzie & Gibbens, for defendant in error.

HURST, J. This is an appeal from an order sustaining a motion for new trial. The action was filed by F. S. Hart against Edna L. Howell to quiet title. Hart claimed title under a resale tax deed. Howell filed an answer and cross-petition, claiming possession and set up title under a quitclaim deed from the Capitol Realty Company. Plaintiff dismissed his action and filed an answer to the cross-petition of the defendant, but asked no affirmative relief. Trial was had to the court without a jury, and judgment was rendered on February 3, 1937, denying the defendant any relief on her cross-petition. The motion for new trial, filed by defendant, was, on April 27, 1937, and during the same term of court, sustained, and in the order sustaining the motion the plaintiff was granted permission to file an amended petition setting up his title. The court assigned no reason for sustaining the motion, nor did either party ask him to do so.

■ We are committed to the rule that courts of general jurisdiction have control of all judgments, decrees, or other orders, however conclusive in their character, during the term at which they are rendered, and may, during the term and in the exercise of a wide discretion, set aside, vacate, and modify them, and in the absence of an abuse of such discretion, an order of the trial court vacating a judgment during the term will not be reversed. Philip Carey Co. v. Vickers (1913) 38 Okla. 643, 134 P. 851; Nichols v. Bonaparte (1935) 171 Okla. 234, 42 P.2d 866; Firemen's Fund Ins. Co. v. Griffin (1936) 176 Okla. 94, 54 P.2d 1032; Atchison, T. & S. F. Ry. Co. v. Washington (1936) 176 Okla. 521, 56 P.2d 1190.

The rule is equally well settled that a motion for new trial is addressed to the sound legal discretion of the trial court, and this court will indulge every presumption in favor of the correctness of a ruling of the judge who presided at the trial, sustaining such motion, and such an order will not be disturbed on appeal unless the record shows clearly that the court erred on a pure and unmixed question of law, or acted arbitrarily or capriciously. St. Louis & S. F. Ry. Co. v. Wooten (1913) 37 Okla. 444, 132 P. 479; Smith v. City of Tulsa (1935) 172 Okla. 515, 45 P.2d 689; Alexander v. Alexander (1937) 179 Okla. 614, 67 P.2d 33; Bedford v. Allen (1938) 183 Okla. 261, 80 P.2d 676.

Since the trial court gave no reason for vacating the judgment and granting the new trial, we are not permitted to speculate as to the reason. Suffice it to say that we have examined the record and we cannot say that, in view of the foregoing rules, the court committed reversible error in vacating the judgment.

Affirmed.

OSBORN, C. J., and WELCH, CORN, and DAVISON, JJ., concur.