ROLAND UNION GRADED SCHOOL DIST. NO. 1, SEQUOYAH COUNTY, v. THOMPSON, Trustee.

No. 30523. March 24, 1942.

Rehearing Denied April 14, 1942.

*124 P. 2d 400.*

J. Berry King and George J. Fagin, both of Oklahoma City, and T. B. Westmoreland, of Sallisaw, for plaintiffs in error.

W. L. Curtis, Thos. Harper, and Thos. B. Pryor, all of Ft. Smith, Ark., for defendant in error.

HURST, J. This is an appeal from an order vacating two judgments rendered by the district court of Sequoyah county: (1) a judgment of $11,981.95 against Roland union graded school district No. 1 of Sequoyah county, rendered July 22, 1940, in cause No. 8071 wherein 22 claimants joined as plaintiffs, and (2) a judgment rendered September 3, 1940, in cause No. 8119 refunding the first judgment.

This action was filed in the district court of Sequoyah county on September 14, 1940, by Guy A. Thompson, trustee for the Missouri Pacific Railroad Company, a taxpayer in said school district, to vacate said judgments and to enjoin the issuance and sale of the funding bonds, on the ground that the judgments were fraudulent and collusive and that no appropriation was made for said district for the fiscal year 1939-40 against which said claims could be allowed. The school district and the 22 judgment creditors were made parties defendant and they appeared and filed a joint answer. At the trial it was established by the evidence of the county clerk and the deputy county treasurer of Sequoyah county that for the fiscal year 1939-40, during which it is claimed the debts were created, there was appropriated for the building fund of said school district $1,124.33, and an additional sum of $1,240.80 for the building fund, and the further sum of $3,299.79 for the general fund.

It was further shown that the building fund was overdrawn for that fiscal year and that warrants for all but $47.96 of the general fund appropriation were paid or outstanding. It was also shown that there was an insurance fund of $10,600 which had all been expended, but it seems from the record that said fund was not appropriated by the excise board. The defendants offered no evidence, and the court entered judgment on November 25, 1940, vacating both judgments and enjoining the school district from the issuance of the funding bonds. The defendants appeal.

It will be observed that the two judgments that were vacated and the judgment vacating them were all three rendered during the July, 1940, term of the district court of Sequoyah county, by that court. We are committed to the rule that the district court has control of all judgments, decrees, or other orders, however conclusive in their character, during the term at which they are rendered, and may, during said term and in the exercise of a wide discretion, vacate them, and in the absence of abuse

418

of discretion an order of the trial court vacating a judgment during the term will not be reversed. Hart v. Howell, 184 Okla. 146, 85 P. 2d 401; 9 Okla. Digest (West) page 80, Judgment § 341. The question as to how the vacation proceedings are initiated is not important. A judgment or order may be vacated during the term on the court's own motion. Georgia Home Ins. Co. v. Halsey, 37 Okla. 678, 133 P. 202. And a showing must be stronger to warrant this court in disturbing the action of the court when the judgment is vacated than when it is not vacated. Donley v. Donley, 184 Okla. 567, 89 P. 2d 312.

From the evidence introduced at the trial, the court probably concluded that it was imposed upon at the trial of cause No. 8071 or that it had erred as a matter of law in finding that the 22 contracts sued on were legal and binding on the school district, and that it would promote the ends of justice to re-examine the matter. Since the claims sued upon were greatly in excess of the appropriations shown to have been made for the fiscal year, their invalidity is prima facie established in view of 62 O. S. 1941 § 479. Under the circumstances no abuse of discretion is shown in vacating the judgments. Threadgill v. Peterson, 95 Okla. 187, 219 P. 389.

The contention that the present action is a collateral attack upon the prior judgments is without merit. The requirements of 12 O. S. 1941 §§ 1031-1038 as to vacation of judgments at or after the term were fully complied with. We are committed to the rule that a proceeding thereunder constitutes a direct attack (Parker v. Board of Com'rs, 187 Okla. 311, 102 P. 2d 883), and may be prosecuted in the same action or by an independent action. Grayson v. Stith, 181 Okla. 131, 72 P. 2d 821, 114 A.L.R. 276.

Judgment affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., absent.