TILLMAN et al. v. TILLMAN et al.

No. 32777.    Sept. 16, 1947.

*184 P. 2d 784.*

Bruce L. Keenan, of Tahlequah, for plaintiffs in error.

W. W. Miller, Sr., and W. W. Miller, Jr., both of Tahlequah, for defendants in error.

CORN, J. Plaintiffs, claiming as heirs of A. J. Tillman, deceased, brought the present action in the district court of Cherokee county for determination of heirship, partition of real estate, and to

quiet title, under the provisions of 84 O.S. 1941 §§257-261.

Defendants filed motion to dismiss the petition. This motion was overruled and defendants failed to plead further within the time allowed. April 25, 1946, the trial court entered default judgment in favor of plaintiffs.

Thereafter, May 16, 1946, within the term, the trial court vacated and set aside this judgment upon his own motion, and ordered the cause reinstated upon the motion to dismiss. Plaintiffs filed motion for new trial and, on the day following, an amended motion for new trial. Subsequently, plaintiffs filed motion for judgment on the pleadings and request for written findings of fact and conclusions of law.

On August 8, 1946, there had been no trial upon the merits upon any issue which could provide the basis for findings of fact and conclusions of law. However, apparently in response to plaintiffs' request, the trial court made certain statements indicative of his opinion as to the extent of his jurisdiction in the matter. The trial court then overruled the first two motions for new trial, from which action the plaintiffs did not give notice of appeal. Plaintiffs then filed a third motion for new trial which was overruled, and plaintiffs gave notice of appeal.

Judgments are under the control of the court which pronounces them, during the term at which rendered, and the court has a wide discretion to set aside, vacate or modify them during the term. Hart v. Howell, 184 Okla. 146, 85 P. 2d 401. And, the court has the right to do this upon its own motion. Georgia Home Ins. Co. v. Halsey, 37 Okla. 678, 133 P. 202; also, see Roland Union Graded S. D., etc., v. Thompson, Trustee, 190 Okla. 416, 124 P. 2d 400; Firemen's Fund Ins. Co. v. Griffin, 176 Okla. 96, 54 P. 2d 1032. No abuse of discretion is shown herein.

Although the trial court made certain findings or statements which appear in the record, such purported findings at best seem merely indicative of the trial court's opinion as to the nature and extent of his jurisdiction. These statements obviously did not constitute a final judgment, being merely statements of opinion or comment made in response to the plaintiff's request for findings. A judgment is a final determination of the rights of the parties in an action, and is distinct from findings of the court. Davis v. Baum et al., 192 Okla. 85, 133 P. 2d 889; Findings and opinion of the court are never the judgment, but only expressions as to what the court considers its judgment should be. Maroney et al. v. Tannehill et al., 90 Okla. 224, 215 P. 938.

Judgment affirmed.

HURST ,C.J., DAVISON, V.C.J., and RILEY, WELCH, and LUTTRELL, JJ., concur.