RUSSELL et al. v. FREEMAN et al.

No. 33474. Nov. 22, 1949.

Rehearing Denied Jan. 31, 1950.

Second Petition for Rehearing Denied Feb. 14, 1950.

*214 P. 2d 489.*

418

Charles D. Crandall and S. J. Montgomery, both of Oklahoma City for plaintiffs in error.

S. H. King and Joe Curtis, both of Pauls Valley, and Eugene O. Monnet, Frank Settle, and Jack N. Hays, all of Tulsa, for defendant in error Harold Freeman.

E. Dan Gibson, of Tishomingo, for defendant in error Rosebud Bryce.

GIBSON, J. This is an appeal from an order of the court overruling a motion to vacate a sale of real estate had in pursuance of a judgment rendered in an action to foreclose mortgage thereon.

As grounds of error it is contended the sale is void because (1) there was no valid judgment of foreclosure; (2) the mortgage attempted to be foreclosed waived appraisement, the sale was had within six months from time of rendition of the purported judgment and thus violative of Tit. 12 O.S. 1941 §760; and (3) that the land was sold for less than two-thirds of the appraised value thereof. Defendants in error challenge each of said grounds, and, contending that both the judgment and sale are valid, urge that the motion is without merit, and, further, that since more than three years elapsed after rendition of judgment before the motion was filed, the same is barred by Tit. 12 O.S. 1941 §1038.

In 1908 plaintiffs in error, William Russell, Jr., and Maria Russell, his wife, executed two mortgages upon the premises involved. The first mortgage did not contain an express waiver of appraisement but did contain the following words: "Mortgagors hereby waive actual notice of foreclosure and sale and all homestead rights and stay laws of the state of Oklahoma." The second mortgage contained a waiver of appraisement.

On March 22, 1911, the holder of the first mortgage instituted action against said mortgagors for personal judgment on the indebtedness and for foreclosure of his mortgage, and made the holder of the second mortgage a party defendant. The holder of second mortgage, recognizing the prior right of holder of first mortgage, alleged default in payment of second mortgage, prayed for personal judgment against mortgagors for the indebtedness secured, and for foreclosure of the lien of the second mortgage.

The mortgagors were personally served with summons, filed answer, and appeared in person and by counsel at the trial of the issues on January 29, 1912.

Upon the journal of the court there appears a judgment of foreclosure wherein January 29, 1912, is recited as the date of its rendition. This entry bears the signature of the trial judge. In the jacket containing the pleadings and papers filed in the cause there appears an unsigned typewritten copy of said journal entry which bears the court clerk's notation of filing on January 29, 1912.

The judgment declared the mortgagees entitled to foreclosure by sale after appraisement. Order of sale was issued on April 13, 1912. The land was appraised at the value of $640. The land was sold on May 25, 1912, for the price of $430. Thereafter, on May 27, 1912, the sale was by order of the court confirmed.

In support of the first contention two grounds are urged: one, that the record fails to reflect the rendition of a judgment, and, the other, the purported judgment is not sufficient to authorize a sale of the premises.

Relied on as sustaining the first ground are two facts: one, the copy of the journal entry appearing in the jacket is not signed by the trial judge, and the other there appear upon pages of the journal, preceding the entry of the judgment herein, entries bearing date of April 12, 1912. The conclusion sought to be drawn is that there was no judgment rendered because the copy in the files was not signed by the judge and that the entry on the journal, which was signed, is merely a ministerial act of the clerk of the court and cannot be considered the judgment of the court. There was no occasion for the court to sign the copy of the judgment appearing in the jacket other than as a praecipe for the clerk in entering the judgment upon the journal. If the authenticity of the journal entry reflecting the judgment of the court required proof, the signature attesting it is sufficient. But no such proof is required. The purpose of the court's journal is to import verities. And there is a presumption that a judgment appearing on the journal in regular form is the judgment of the court which presumption obtains until overcome by proof. 30 Am. Jur. 885, §122. Herein there is an utter lack of proof.

In support of the second ground there is quoted from the judgment the following:

"It is therefore Ordered, Adjudged and Decreed by the court that the plaintiff J. F. Hargis do have and recover of and from the defendants William Russell Jr. and Maria Russell the sum of $178.55 And that the defendants R. L. Freeman do have and recover of and from the defendants William Russell Jr. and Maria Russell the sum of $313.34 on his cross bill, and that said mortgage executed by the defendants Russell's dated 22nd day of September, 1908 to the plaintiff J. F. Hargis on the following real estate The SE 1-4 of the SE 1-4 of Section 14, Twp. One North R. One W. in Garvin County, Okla. and the one executed by said Russell's dated November 20th, 1908 to the defendant R. L. Freeman on the same lands above described shall be sold and the proceeds shall be applied as follows: -"

It is solely on the fact that the language directs the sale of the mortgages instead of the land that reliance is placed.

In Pfile v. Sarkeys, 183 Okla. 201, 80 P. 2d 647, we said:

"In construing the judgment of a court, effect should be given to every word and part thereof, including such effect and consequences that follow the necessary legal implications of its terms, although not expressed."

And, in Hale v. Independent Powder Co., 46 Okla. 135, 148 P. 715, we declared that in case of obscurity as to the final determination, reference may be had to the pleadings and the entire record.

Apart from any reference to the language of the journal entry as a whole, the record, especially the sale and confirmation thereof by the court, attests clearly the fact there was a

judgment for the sale of the land. But resort thereto is not necessary because the fact that such was the judgment is clearly reflected in the concluding paragraph of the journal entry as follows:

"And it is further ordered by the court that from and after the sale of said lands and tenements, and by virtue of this judgment and decree that the said defendants, William Russell Jr. and Maria Russell and all persons claiming through or under them since commencement of this action, be, and are forever barred and foreclosed of and from all lien upon, right, title, interest, estate or equity of, in or to said lands, tenements or any part therein or thereof."

That one part of a judgment may be modified or explained by another part, we expressly held in Hale v. Independent Powder Co., supra.

The contention that the sale, had within six months following the time of the judgment, is void because the mortgages waived appraisement, is without merit. As hereinbefore stated, the junior mortgage contained a waiver of appraisement but the senior mortgage contained no such waiver unless the waiver therein of homestead and stay laws (quoted, supra) is an equivalent thereof as is contended. That such is not the case we specifically held in Bledsoe, Adm'r, v. Green, 138 Okla. 15, 280 P. 301, as follows:

"The express waiving 'of all benefits of the homestead exemption and stay laws of the State of Oklahoma' is not equivalent to waiving appraisement, and that language in a mortgage does not constitute a waiver of appraisement."

Hence, the right of senior mortgagee to foreclose by the sale had after appraisement is beyond question and the fact that appraisement was waived in the junior mortgage upon which foreclosure was also sought can in no wise impair such right. The junior mortgagee was entitled to a decree of foreclosure but his right to a sale there-for was inferior to that of the senior mortgagee, plaintiff in the action. The right of the junior mortgagee seeking relief in such situation is thus stated in 59 C. J. S. §694:

"A junior lienor has an interest which entitles him to insist that plaintiff's recovery shall be kept down to what he is strictly entitled to, and that there shall be such a marshaling of securities as will leave for him the best possible residuum, and in proper case he may have a decree ordering that the surplus be paid over to satisfy his lien, . . ."

In the judgment herein it is declared that by reason of his right to judgment on his note and of foreclosure, the junior mortgagee "is entitled to the residue or a sufficient amount to satisfy his debt interest costs and attorneys fee."

The contention that the land sold for less than two-thirds of its appraised value is without merit. The sale price was $430. The amount of the appraisement as reflected in the return of the appraisers and in the return of sale by the sheriff was $640. The only fact urged to sustain the contention is the recital in the sheriff's deed conveying the land to the purchaser, that the land was appraised at $650. Such recital is insufficient to impugn the correctness of the official returns.

The judgments of the court directing and confirming the sale are valid upon their face. In Collins et al. v. McDowell et al., 85 Okla. 21, 204 P. 276, we said:

"Judgments of the district courts of this state, prima facie value upon their face, can be successfully attacked only directly by an appeal within the time and manner provided by law or by motion or petition to vacate or modify the same as provided under section 5267, Rev. Laws 1910, during the three years following the rendition of a judgment and not afterward, unless there be special reasons in the particular case why the statutory remedy is inadequate."

The motion to vacate is clearly barred by 12 O.S. 1941 §1038.

Judgment affirmed.

WELCH, CORN, LUTTRELL, HAL-LEY, JOHNSON, and O'NEAL, JJ., concur.

Rehearing Denied Jan. 31, 1950.

Second Petition for Rehearing Denied Feb. 14, 1950.

Charles D. Crandall and S. J. Montgomery, both of Oklahoma City, for plaintiff in error.