Pat KELSEY, Appellee,

v.

**DOLLARSAVER FOOD WAREHOUSE OF DURANT, Appellant.**

No. 81862.

Supreme Court of Oklahoma.

Nov. 8, 1994.

Austin R. Deaton, Deaton & Davison, Inc., Ada, for appellant.

Ken Rainbolt, Mickle, Rainbolt & Wilhite, Don Michael Haggerty, Durant, for appellee.

SUMMERS, Justice.

Plaintiff (Appellee) was awarded a substantial judgment pursuant to a jury's verdict in Bryan County. Defendant (Appellant) filed a timely Motion for New Trial and Motion for Judgment Notwithstanding the Verdict. On May 18, 1993, the trial judge signed and caused to be filed a handwritten document entitled "Court Minute", which stated "the Court finds that the motions should be overruled."

On June 2, 1993, the judge signed and caused to be filed a typed Order as follows: "IT IS THEREFORE ORDERED, ADJUDGED & DECREED by the Court that Defendant's Motion for New Trial and Motion for Judgment Notwithstanding the verdict be, and they are hereby, overruled." Defendant commenced its appeal here on June 30, 1993. Plaintiff moves to dismiss for untimeliness, claiming the earlier writing commenced the appellate clock. We deny the motion and allow the appeal to proceed.

Our decision does not rest on whether judge-signed "court minutes" prior to the legislative change of October 1, 1993 are or are not appealable orders.[1] That is because the writing of May 18 here under neither view contains language sufficient to make it an order of the court. A statement that the motions *should be* overruled is not the same as stating that the motions *are* overruled.

Webster describes "should" as a word used in an auxiliary function to express (1) condition (if he should leave his father his father would die); (2) propriety (this is as it should be); (3) futurity (he realized she should have to do most of her farm work before sunrise); or (4) what is probable or expected (they should be here before noon.) *Merriam Webster's Collegiate Dictionary*, 1085 (10th ed. 1993). "Should" as used by the judge here places his statement in the subjunctive mood rather than in either the indicative (or de-

clarative) mood or the imperative mood. See II G. Curme, *A Grammar of the English Language*, 391 (1980) and volume I of Dr. Curme's work at 224.

The subjunctive mood is a verb form representing an act or state, not as fact, but as contingent or possible. *Merriam Webster's Collegiate Dictionary, supra* at P. 1172. In *Jackson v. State of Indiana*, 273 Ind. 49, 402 N.E.2d 947 (1980) the defendant on appeal argued that the trial court erred in overruling his motion for a mistrial. The appellate court pointed out that the defendant had not made such a motion:

Defendant now contends that the trial court erred in refusing to grant his motion for mistrial. However, the record does not reflect that defense counsel made such a motion; rather, he merely stated, "Your Honor, at this point, I **should** move for a mistrial." The use of the **subjunctive, "should,"** reflects a mere contingent or hypothetical action.

*Id.* 402 N.E.2d at 951 (emphasis added). The trial judge in our case, just as the defense counsel in *Jackson,* chose to set his statement in the subjunctive mood, here a representation that the motions were going to be, but had not yet been, overruled.

We also note that the trial court in its May 18 entry stated that "the Court *finds* that the motions should be overruled." (emphasis ours) Our ruling today is consistent with *Tillman v. Tillman,* 199 Okla. 130, 184 P.2d 784 (1947). In that case the trial court had stated for the record certain findings which seemed indicative of the court's opinion as to the extent of his jurisdiction. This Court said:

A judgment ... is distinct from findings of the court. [citation omitted] Findings and opinion of the court are never the judgment, but only expressions as to what the court considers its judgment *should be.*

*Id.* 184 P.2d at 785. (emphasis added).

The language used by the court on May 18 falls short of amounting to an order of the

---

1. 12 O.S.1993 Supp. § 696.2(C), effective October 1, 1993, provides:

"**The following shall not constitute a judgment, decree or appealable order: a minute entry....**"

The issue was resolved in *Manning v. State ex rel. Dept. of Public Safety,* 876 P.2d 667 (Okl. 1994), in which we held that such orders could be appealable if they fully disposed of a case, but made the ruling prospective.

court. It announced that the motions should be overruled, but it did not overrule them. The later language used on June 2 declaring that the motions "be, and they are hereby, overruled", did not express futurity or probability, but was an indicative, declarative statement of what the judge did with the motions. It overruled them. It was an order of the court, and it was timely appealed by Defendant's petition in error filed June 30.

The motion to dismiss is denied.

HODGES, C.J., LAVENDER, V.C.J., and ALMA WILSON, KAUGER, WATT, JJ., concur.

SIMMS, HARGRAVE and OPALA, JJ., dissent.

OPALA, Justice, with whom SIMMS and HARGRAVE, Justices, join, dissenting.

Concluding that the appellant's petition in error was timely brought, the court holds today that the June 2, 1993 record entry, and not the May 18, 1993 filed memorial,[1] of the trial court's ruling triggers appeal time. The court reasons the *earlier memorial* is *not an order* because (1) it is couched as a "finding" and (2) it states that Dollarsaver Food Warehouse of Durant's [defendant or Dollarsaver] motion for judgment n.o.v. *"should be overruled"* rather than using the customary phrase "should be *and the same hereby is* overruled".[2] I cannot accede either to the court's reasoning or to its conclusion.

## I

### THE SUBSTANTIVE CONTENT OF THE MAY 18 MEMORIAL DETERMINES WHETHER IT QUALIFIES AS AN ORDER

The meaning and effect of a legal instrument depends on its *substantive content* rather than on the form or title provided by its author.[3] Although the May 18, 1993 memorial bears the printed title "court minute", the paper clearly meets all the attributes of a recordable [4] order.[5] Its content directs that

1. The pertinent terms of the memorial of May 18, 1993 are:

   IN THE DISTRICT COURT OF
   BRYAN COUNTY, STATE OF OKLAHOMA
   COURT MINUTE
   5/18/93
   No. C–91–223
   After having heard and considered arguments of counsel in support of and in opposition to the motions of the Defendant for judgment N.O.V. and a new trial, the Court finds that the motions should be overruled.
   Approved as to form:
   /s/ Ken Rainbolt
   /s/ Austin R. Deaton, Jr.
   /s/ Don Michael Haggerty
       /s/ Rocky L. Powers
          *Judge*

2. The turgid phrase—"should be and the same hereby is"—is *a tautological absurdity*. This is so because *"should"* is synonymous with *ought* or *must* and is in itself sufficient to effect an *in praesenti* ruling—one that is couched in "*a present indicative* synonymous with ought." *See infra* note 15.

3. *Carter v. Carter*, Okl., 783 P.2d 969, 970 (1989); *Horizons, Inc. v. Keo Leasing Co.*, Okl., 681 P.2d 757, 759 (1984); *Amarex, Inc. v. Baker*, Okl., 655 P.2d 1040, 1043 (1983); *Knell v. Burnes*, Okl.,

645 P.2d 471, 473 (1982); *Prock v. District Court of Pittsburg County*, Okl., 630 P.2d 772, 775 (1981); *Harry v. Hertzler*, 185 Okl. 151, 90 P.2d 656, 659 (1939); *Ginn v. Knight*, 106 Okl. 4, 232 P. 936, 937 (1925).

4. *"Recordable"* means that by force of 12 O.S. 1991 § 24 an instrument meeting that section's criteria must be *entered on* or *"recorded" in* the court's journal. The clerk may "enter" only that which is *"on file"*. The pertinent terms of 12 O.S.1991 § 24 are:

   "Upon the journal record required to be kept by the clerk of the district court in civil cases ... shall be *entered* copies of the following instruments *on file:*
   1. All items of process by which the court acquired jurisdiction of the person of each defendant in the case; and
   2. *All instruments filed in the case that bear the signature of the judge and specify clearly the relief granted or order made."* [Emphasis added.]

5. *See* 12 O.S.1991 § 1116 which states in pertinent part:

   "Every *direction* of a court or *judge* made or entered *in writing*, and not included in a judgment, *is an order."* [Emphasis added.]

the relief sought by Dollarsaver—*i.e.*, judgment notwithstanding the verdict—be denied and the "direction" is *signed* by the judge. The instrument is, without a doubt, fit for entry upon the journal record and also constitutes *an order that triggers appeal time* because *it fully complies* with the § 696.3 standards.[6]

## II

## THE LEGAL EFFECT OF A RECORD ENTRY THAT USES THE WORD "FINDS" AS A SYNONYM FOR OR AS INTERCHANGEABLE WITH THE VERB "ORDERS" IS DETERMINED BY THE JUDGE'S INTENT

In concluding that the judge-signed direction is but a "finding",[7] the court disregards *the very essence* of the May 18 entry. It memorializes the ruling made upon the defendant's motion for judgment *non obstante veredicto*.[8] When in a case calling for the assessment of the parties' relative negligence a motion for judgment n.o.v. comes on for ruling, it is not within the nisi prius court's province to make *any* findings of fact.[9] While the use of the verb "finds" to overrule Dollarsaver's motion was *perhaps grossly unartful,*[10] the context in which the word ("finds") is used *unmistakenly* indicates that it was intended as a synonym for the verb "rules" or "orders".[11] The court's construction today renders the entry *nugatory*. Its result, which is neither mandated by nor consistent with the clear meaning and substance of the memorial's *intended meaning*, is both improvident and contrary to precedent.[12]

---

**6.** The pertinent terms of 12 O.S.1993 § 696.3, effective October 1, 1993, are:

"A. Judgments, decrees and appealable orders that are filed with the clerk of the court shall contain:
1. A caption setting forth the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;
2. A statement of the disposition of the action, proceeding, or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties;
3. The signature and title of the court; ...."

**7.** The court holds that the May 18 memorial's recital that "the Court *finds* that the motions should be overruled" is a *"finding"* and *not a ruling*. In its *pure* form, a finding is *generally* not effective as an order or judgment. *See, e.g., Tillman v. Tillman*, 199 Okl. 130, 184 P.2d 784 (1947), cited in the court's opinion.

**8.** When ruling upon a motion for judgment n.o.v. the court must *take into account* all the evidence favorable to the party against whom the motion is directed and *disregard* all conflicting evidence favorable to the movant. If the court should conclude the motion is sustainable, it must hold, as a matter of law, that there is *an entire absence of proof* tending to show a right to recover. *See Austin v. Wilkerson, Inc.*, Okl., 519 P.2d 899, 903 (1974).

**9.** *See Bullard v. Grisham Const. Co.*, Okl., 660 P.2d 1045, 1047 (1983), where this court reviewed a trial judge's *"findings of fact"*, perceived as a basis for his ruling on a motion for judgment n.o.v. (in the face of a defendant's reliance on plaintiff's contributory negligence). *These judicial findings were held impermissible as an invasion of the province of the jury and proscribed by OKLA. CONST. ART. 23, § 6. Id.* at 1048.

**10.** Everyday courthouse parlance does not always distinguish between a judge's "finding", which denotes nisi prius resolution of fact issues, and "ruling" or "conclusion of law". The latter resolves disputed issues of law. In practice usage members of the bench and bar often confuse what the judge "finds" with what that official "concludes", *i.e.*, resolves as a legal matter.

**11.** *See Fowler v. Thomsen*, 68 Neb. 578, 94 N.W. 810, 811–12 (1903), where the court determined a ruling that "[I] *find* from the bill of particulars that there is due the plaintiff the sum of ..." was a *judgment and not a finding*. In reaching its conclusion the court reasoned that "[e]ffect must be given to the entries in the docket according to the manifest intention of the justice in making them." *Id.*, 94 N.W. at 811.

**12.** When the language of a judgment is susceptible of two interpretations, that which makes it correct and valid is preferred to one that would render it erroneous. *Hale v. Independent Powder Co.*, 46 Okl. 135, 148 P. 715, 716 (1915); *Sharp v. McColm*, 79 Kan. 772, 101 P. 659, 662 (1909); *Clay v. Hildebrand*, 34 Kan. 694, 9 P. 466, 470 (1886); *see also* 1 A.C. FREEMAN, LAW OF JUDGMENTS § 76 (5th ed. 1925).

## III

## IN TERMS OF THE POSTJUDGMENT MEMORIAL HERE UNDER REVIEW THE MEANING TO BE GIVEN THE WORD "SHOULD" IS THE SAME AS THAT IN THE VERBS "ORDERS" OR "RULES", EVEN THOUGH "SHOULD" IS NOT FOLLOWED IMMEDIATELY BY THE TRITE AND ANCIENT PHRASE "AND HEREBY IS"

The legal question to be resolved by the court is whether the word "should"[13] in the May 18 order connotes futurity or may be deemed a ruling *in praesenti.*[14] The answer to this query is *not* to be divined from rules of grammar;[15] it must be governed by the age-old practice culture of legal professionals and its immemorial language usage. To determine if the omission (from the critical May 18 entry) of the turgid phrase, "and the same

hereby is", (1) makes it an *in futuro* ruling— *i.e.,* an expression of what the judge *will* or *would* do at a later stage—or (2) constitutes an *in praesenti* resolution of a disputed law issue, the trial judge's intent must be garnered from the four corners of the *entire* record.[16]

Nisi prius orders should be so construed as to give effect to *every word and every part of the text,* with a view to carrying out the evident intent of the judge's direction.[17] The order's language ought not to be considered abstractly. The actual meaning intended by the document's signatory should be derived from the context in which the phrase to be interpreted is used.[18] When applied to the May 18 memorial, these old canons impel my conclusion that the judge doubtless intended his ruling as an *in praesenti* resolution of Dollarsaver's quest for judgment n.o.v. Approval of all counsel plainly appears on the face of the critical May 18 entry which is

---

**13.** *"Should"* not only is used as a "present indicative" synonymous with *ought* but also is the past tense of "shall" with various shades of meaning not always easy to analyze. *See* 57 C.J. *Shall* § 9, *Judgments* § 121 (1932); O. JESPERSEN, GROWTH AND STRUCTURE OF THE ENGLISH LANGUAGE (1948); *St. Louis & S.F.R. Co. v. Brown,* 45 Okl. 143, 144 P. 1075, 1080–81 (1914). For a more detailed explanation, see the Partridge quotation *infra* note 15.

Certain contexts mandate a construction of the term "should" as more than merely indicating preference or desirability. *Brown, supra* at 1080–81 (jury instructions stating that jurors "should" reduce the amount of damages in proportion to the amount of contributory negligence of the plaintiff was held to imply an *obligation and to be more than advisory*); *Carrigan v. California Horse Racing Board,* 60 Wash.App. 79, 802 P.2d 813 (1990) (one of the Rules of Appellate Procedure requiring that a party "should devote a section of the brief to the request for the fee or expenses" was interpreted to mean that a party is under an *obligation* to include the requested segment); *State v. Rack,* 318 S.W.2d 211, 215 (Mo.1958) ("should" would mean the same as "shall" or "must" when used in an instruction to the jury which tells the triers they "should disregard false testimony").

**14.** *In praesenti* means literally "at the present time." BLACK'S LAW DICTIONARY 792 (6th ed. 1990).

In legal parlance the phrase denotes that which in law is *presently* or *immediately effective,* as opposed to something that *will* or *would* become effective *in the future [in futuro].* *See Van Wyck v. Knevals,* 106 U.S. 360, 365, 1 S.Ct. 336, 337, 27 L.Ed. 201 (1882).

**15.** Nonetheless, modern English usage appears supportive of my conclusion that "... what the practice amounts to is this: the past subjunctive *should* is not only used in all persons, but it is employed as, virtually, a present indicative synonymous with *ought.*" E. PARTRIDGE, USAGE AND ABUSAGE, p. 376 (1963).

**16.** *Frazier v. Bryan Memorial Hosp. Authority,* Okl., 775 P.2d 281, 285 (1989); *Elliot v. City of Guthrie,* Okl., 725 P.2d 861, 863 (1986); *Mayhue v. Mayhue,* Okl., 706 P.2d 890, 893 n. 6 (1985).

**17.** *Russell v. Freeman,* 202 Okl. 417, 214 P.2d 439, 441–42 (1950); *Gade v. Loffler,* 171 Okl. 313, 42 P.2d 815, 818 (1935); *McNeal v. Baker,* 135 Okl. 159, 274 P. 655, 656 (1929); *Foreman v. Riley,* 88 Okl. 75, 211 P. 495, 496 (1923).

**18.** *Brown, supra* note 13, 144 P. at 1080–81; *Manhattan–Dickman Construction Co. v. Shawler,* 113 Ariz. 549, 555, 558 P.2d 894, 900 (1976); *Rack, supra,* note 13, 318 S.W.2d at 215.

signed by the judge.[19]  True minutes[20] of a court neither call for nor bear the approval of the parties' counsel nor the judge's signature. To reject out of hand the view that in this context "should" is *impliedly followed* by the customary, "and the same hereby is", makes the court once again revert to medieval notions of ritualistic formalism now so thoroughly condemned in national jurisprudence and long abandoned by the statutory policy of this State.

## IV

## CONCLUSION

Nisi prius judgments and orders should be construed in a manner which gives effect and meaning to the *complete substance* of the memorial. When a judge-signed direction is capable of two interpretations, one of which would make it a valid part of the record proper and the other would render it a meaningless exercise in futility, the adoption of the former interpretation is this court's due.

A rule—that on direct appeal views as fatal to the order's efficacy the mere omission from the journal entry of a long and customarily implied phrase, *i.e.,* "and the same hereby is"—is soon likely to drift into the body of principles which govern *the facial validity of judgments.* This development would make judicial acts acutely vulnerable to collateral attack for the most trivial of reasons and tend to undermine the stability of titles or other adjudicated rights.

It is *obvious* the trial judge intended his May 18 memorial *to be an in praesenti order overruling* Dollarsaver's *motion for judgment n.o.v.* It is hence that memorial, and not the later June 2 entry, which triggered

appeal time in this case.  Because the petition in error was *not filed* within 30 days of May 18, the appeal is *untimely.*  I would hence sustain the appellee's motion to dismiss.[21]

**19.**  *See supra* note 1 for the pertinent terms and form of the May 18 memorial.

**20.**  Minutes are nothing more than abbreviated memoranda of what takes place in a courtroom. *Mansell v. City of Lawton, Okl.,* 877 P.2d 1120, 1123 (1994); *Hinshaw v. State,* 147 Ind. 334, 47 N.E. 157, 171 (1897); *State v. Larkin,* 11 Nev. 314, 321 (1876); *Gregory v. Frothingham,* 1 Nev. 253, 260 (1865). Although the judge is authorized to draft mnemonic aids for posting on the court's appearance docket, it is ordinarily the

deputy clerk, present in the courtroom, who acts as the minutes' scrivener.

**21.**  Because the court's pronouncement does not give this case the *prospectivity protection* which might be affordable by *Manning v. State ex rel. Dept. of Public Safety, Okl.,* 876 P.2d 667 (1994), my writing does not consider *Manning's* impact, if any, on this appeal's dismissibility.