## McCLURE v. WEIGAND TEA & COFFEE CO.

No. 20388. Opinion Filed June 28, 1932.

R. M. Chase and L. Z. Lasley, for plaintiff in error.

T. J. Womack, T. A. Noftzger, George W. Cox, and Lawrence Weigand, for defendant in error.

CULLISON, J. This is an action to collect upon a fidelity bond issued May 9, 1927, to the "Weigand Tea & Coffee Company, a copartnership, consisting of E. J. Weigand and W. A. Weigand," by Ora Curran, principal, and M. D. Curran and G. L. McClure, as sureties, wherein all three signers of said bond agreed to indemnify "the said Weigand Tea & Coffee Company, a copartnership as aforesaid, and its assigns, against all losses. damages, and expenses which they may pay, stand, or be put unto by reason of any act of misconduct, embezzlement, mismanagement, neglect or default of or by the said Ora Curran as such salesman, or otherwise. * * *"

On May 5, 1927, Ora Curran entered the employment of the Weigand Tea & Coffee Company, a copartnership. The bond in question was executed four days thereafter to secure the faithful performances on the part of Ora Curran as collecting agent for the company. On July 1, 1927, the Weigand Tea & Coffee Company, a copartnership, assigned its business assets and good will to the Weigand Tea & Coffee Company, a corporation, and Ora Curran continued to work for the latter as salesman until about July 28, 1927, when he left its employ, having at that time in his possession $171.61 which he collected for the company and which he did not pay to it.

This action is brought on the bond by the Weigand Tea & Coffee Company, a corporation, as assignee, against all three of the signers of the bond, for reformation of the bond and to recover the amount of Ora Curran's defalcation.

The parties will be referred to as they appeared in the lower court.

The record discloses that plaintiff commenced this action February 29, 1928, in the district court of Woods county, Okla., by filing therein its petition. Said petition, after setting forth the names and residences of the parties, recites the employment of Ora Curran by the Weigand Tea & Coffee Company, a copartnership, and the execution of the fidelity bond in the sum of $2,000 in favor of the Weigand Tea & Coffee Company, a copartnership, by the defendants. on behalf of Ora Curran to secure faithful performance on his part as collecting agent in said employment. The petition also alleges a mistake of the scrivener in drafting the bond. The bond, as drawn by the scrivener and signed by defendants, reads:

"* * * shall at all times hereinafter keep indemnified the said Weigand Tea & Coffee Company, * * * against all losses. damages (sustained by them) * * * by reason of any act of misconduct, embezzlement, * * * by the said Weigand Tea & Coffee Company * * *"

—when in truth, and in fact, it was intended, agreed. and understood that the defendants would indemnify the coffee company against all losses and damages sustained by it, by reason of any act of misconduct or embezzlement on the part of the defendant. Ora Curran, as such salesman, or otherwise.

The petition sets out the assignment. of the bond by the Weigand Tea & Coffee Company, a copartnership, to the plaintiff, Weigand Tea & Coffee Company, a corpor-

tion, on July 1, 1927, and that Ora Curran remained in the same employment under the assignee, plaintiff herein, under the same terms and conditions in all respects as that of his employment by the copartnership aforesaid; that Ora Curran has failed and neglected to remit in accordance with the terms of his employment, and has appropriated and converted $171.61 to his own use and benefit; that plaintiff has made demand upon defendants for the payment of said sum due it, as aforesaid; that defendants, and each of them, by refusing payment, have breached said bond in certain particulars, and prays the court (1) that the bond be reformed to comply with the intention of all parties thereto by correcting the scrivener's mistake, and (2) that plaintiff have judgment on the bond against these defendants in the sum of $171.61. A copy of the bond sued upon, together with an itemized account of the amount owing plaintiff from defendants, duly verified, is attached to said petition.

Thereafter, on March 24, 1928, the defendants M. D. Curran and G. L. McClure filed their demurrers to the petition of plaintiff on the ground that said petition failed to state facts sufficient to constitute a cause of action against defendants. Said demurrers being overruled by the court, these two defendants filed their separate answers September 13, 1928, which deny all the allegations in plaintiff's petition not expressly admitted; admit the incorporation of the plaintiff under the laws of the state of Kansas, admit the execution of the bond, and that copy of said instrument is attached to plaintiff's petition; admit the bond contains the recital complained of by plaintiff by reason of an alleged scrivener's error, but denies that the intention of the parties was that such recital should have been as plaintiff contends, denies any mistake in the wording of the bond, denies the allegation that the discovery was not made for a long time thereafter, and denies that plaintiff is entitled to have the recital amended or to have placed thereon such construction. Said answers further allege that at no time did defendants ever agree that said bond could be transferred or assigned, and had no knowledge of said assignment; denies that defendants ever became sureties for Ora Curran in his employment with this plaintiff assignee; denies that the conditions of the bond have been broken as alleged; denies that plaintiff is entitled to have the bond reformed or in any manner changed, and denies that said petition states

facts sufficient to constitute a cause of action against the defendants; denies that there is anything owing from defendants to plaintiff. Further answering, and by way of an affirmative defense, defendants allege that the terms of the bond were ambiguous and uncertain and that all parties agreed the same was not assignable and that defendants would become liable only in case of a cause of action accruing in favor of the Weigand Tea & Coffee Company, a copartnership, and that the bond was signed upon such belief. Defendants deny that the assignment of the bond was ever made between the then obligee and the plaintiff assignee until long after the sale and transfer of the business from the copartnership to the corporation, and not until after the alleged cause of action against the said Ora Curran had accrued; that said pretended assignment was made without consideration and in an attempt to perpetrate a fraud upon defendants, and praying that plaintiff take nothing by reason of the said action.

Plaintiff filed its reply to the separate answers of M. D. Curran and G. L. McClure on September 24, 1928, denying all the allegations therein except such as specifically admit the allegations of plaintiff's petition.

The action was tried to the jury December 13, 1928, and at the close of all the testimony, the court gave the jury the following instruction, over the objections of the defendant G. L. McClure:

"By the Court: Gentlemen of the Jury: In this case, the court directs you to return a verdict for the plaintiff and against the defendants and each of them for the sum of $171.61. * * *"

The jury returned its verdict, as instructed, and the court rendered its journal entry of judgment in this cause, for the plaintiff and against the defendants and each of them. Thereafter the defendants filed a motion for judgment notwithstanding the verdict, which was by the court overruled. Upon the order of the court overruling the motion of defendants for a new trial, the defendant G. L. McClure appeals to this court from the judgment of the trial court. No appeal has been taken by M. D. Curran or Ora Curran.

The petition in error of the defendant G. L. McClure alleges and sets out 11 prejudicial errors occurring in the record and proceedings of the trial court. The defendant discusses these assignments of error under two classifications both of which urge

that the demurrer to the petition of the plaintiff should have been sustained.

"First Proposition.

"We contend that the bond itself and upon which this action is predicated was not assignable."

"Second Proposition.

"That it was error on the part of the court to permit the plaintiff below to offer evidence of a mistake in the alleged bond and attempt to show that it was intended to mean something different than what it stated, and to refuse the right to the defendant to offer evidence showing what he understood from the terms of the same instrument."

We shall take up these contentions in their reverse order. The bond in question is in words and figures as follows:

"Bond.

"Know all men by these presents: That we, Ora E. Curran, as principal, M. D. Curran, G. L. McClure, as sureties, are holden and bounden to Weigand Tea & Coffee Company, a copartnership, consisting of E. J. Weigand and W. A. Weigand, in the principal sum of $2,000, lawful money of the United States of America, which sum well and truly to be paid, we hereby jointly and severally bind ourselves, our heirs, executors, administrators, and assigns.

"Whereas, the above-named Weigand Tea & Coffee Company, a copartnership, consisting of E. J. Weigand and W. A. Weigand, have agreed to take the above bounden Ora Curran into their employ as a traveling salesman with power and authority to collect and handle money, with the distinct understanding that after the termination of said employment that Ora Curran shall not act as traveling representative for any house which sells coffee to the cafe or hotel trade in the territory which shall be or shall have been covered by the said Weigand Tea & Coffee Company, for a period of one year after the termination of said employment, upon said Ora Curran and the above sureties entering into a bond in the above-mentioned sum of $2,000, with such conditions as are hereinunder written for the faithful discharge by said Ora Curran of his duties as traveling salesman aforesaid.

"Now, the condition of the above-written bond is such that if the said Ora Curran shall faithfully discharge his duties as such traveling salesman as aforesaid, and shall refrain from engaging in the tea and coffee business as salesman either alone or in partnership with any other person or persons, or as an officer for any corporation, or as an employee of any individual, partnership or corporation engaged in said business within the state of Kansas, Oklahoma and Texas for a period of one year after the termination of said employment, or if the said **Ora Curran, M. D. Curran, G. L. McClure,** or either of them, their or either of their heirs, executors, or administrators shall at all times hereinafter keep indemnified the said Weigand Tea & Coffee Company, a copartnership as aforesaid, and its assigns against all losses, damages and expenses which they may pay, stand, or be put unto by reason of any act of misconduct, embezzlement, mismanagement, neglect or default of or by **the said Weigand Tea & Coffee Company, a copartnership as aforesaid,** or otherwise, then in either of said cases the above-written bond shall be null and void, otherwise to remain in full force and effect.

"In witness whereof, the parties hereto have set their hands and seals this 9th day of May, 1927.

"Ora Curran,
"M. D. Curran,
"G. L. McClure."

We think a careful reading of the entire bond, supra, will convince any rational mind that it was the evident intent and meaning of the parties thereto to indemnify against the default of or by Ora Curran, as salesman. The testimony admitted by the court to show how the scrivener's mistake occurred brought out the fact that this bond was prepared from a form used by the company for many years in such cases, and in which form a space had been left blank for the name of each particular principal in each bond.

In 38 Cyc. 68, it is stated:

"(Sureties) will not be relieved merely because they execute an instrument different from the one intended, nor will a clerical error which could not have misled, free them from liability."

In 21 C. J. 91, it is stated:

"Mistake may not only be expressly established, but it may be inferred from circumstances and the nature of the transaction."

In 4 R. C. L., sec. 17, p. 56, it is aptly said:

"Where, by mistake, the condition is so drawn as to be insensible and invalid, it may be read and construed in the light of the evident intention of the parties where such intention accords with justice and the rights of the case."

Again, in the case of Giles v. Halstead 24 N. J. Law, 366, 61 Am. Dec. 668, the same thought was expressed as follows:

"Where condition of bond is by mis-

take so drawn as to be senseless and void, the bond does not thereby become void or inoperative, but will be enforced either as a single bond without any condition or the condition will be read and taken according to the evident intention of the parties."

We are further of the opinion that the trial court did not err in refusing to admit testimony of defendants as to their understanding of the contract, and that the trial court committed no error in its construction of the bond. We think it apparent that the guarantors were held only to the precise terms of their contract and no further.

Plaintiff in error next contends:

"Proposition One.

"We contend that the bond itself and upon which this action is predicated was not assignable."

At common law no chose in action was assignable. In equity, however, every chose in action, except a tort, was assignable, but subject to all equities that might be set up against it. McCrum v. Corby, 11 Kan. 467 (2d Ed.) 353; Kansas Midland Ry. Co. v. Brehm, 54 Kan. 751, 39 P. 690; Barringer v. Bes Line Constr. Co., 23 Okla. 131, 99 P. 776; Glenn v. Marbury, 145 U. S. 499, 12 Sup. Ct. 914, 36 L. Ed. 790. Under our statute, every chose of action, not founded upon a tort, is assignable, and right of action is conferred upon the assignee. Minnetonka Oil Co. v. Cleveland Vitrified Brick Co., 27 Okla. 180, 111 P. 326.

The express provisions of the bond, quoted supra, including the provision that the copartnership or its assigns shall be indemnified, together with the later use of the word "they" with reference to said partnership and its assigns, must be construed so as to give force and effect to the obligation.

In Carruth v. Port Hudson Dev. Co. (La.) 105 So. 302, it was held:

"An objection that a bond is void because of the indefiniteness of the obligation will not be heard in the absence of a showing that some attempt to perform the obligation had been made by the principal obligor."

In 32 Cyc. 71, it is stated:

"Subject to the rule of strict construction in favor of sureties, contracts of suretyship are governed by the same general rules of construction as other contracts, and must receive a just and reasonable interpretation, with a view of ascertaining the true intent of the parties as gathered from the language of the instrument in the light of surrounding facts and circumstances."

The provision in the bond that the sureties would keep the copartnership indemnified against the losses which its assigns might be put to, clearly covers the principal's default to an assignee and the sureties are so bound by their contract.

In 32 Cyc. 82, it is stated:

"An assignment of a contract by the principal will discharge the surety for its performance unless the right to assign was contemplated by the contract."

In Sachs v. American Surety Co., 76 N. Y. Supp. 335, at page 339, the court said:

"The contract contemplated that it might be assigned and was so in fact, but by such assignment, Hay was not released from performance."

The obligation in the bond arises out of contract and the corporation in this case (plaintiff) is the real party in interest. We think the suit was properly brought in the name of the corporation, assignee, instead of the partnership, because of the statute, chapter 3, art. 5, sec. 209, C. O. S. 1921, which provides:

"Every action must be prosecuted in the name of the real party in interest except as otherwise provided in this article, but this section shall not be deemed to authorize the assignment of the thing in action, not arising out of contract."

In the case of Rourke v. Bozarth, 103 Okla. 133, 229 P. 495, this court said:

"The defendants claim this is an action in tort and was not assignable. The action is not based on the wrongful possession. The action is on the appeal bond, and the wrong alleged is the failure of the defendants to perform the final judgment of the district court according to the terms of the bond. It may be that the breach of the bond is the result of a tortious act, but this does not make the suit on the bond an action in tort. Any action Emily Culbertson might have had on the bond was ex contractu and she had a right to assign the same. The assignees were authorized by law to maintain the action in their own names on the bond for its breach."

In Minnetonka Oil Co. v. Cleveland Vitrified Brick Co., 27 Okla. 180, 111 P. 326, supra, the court held that a chose in action is assignable and the right of action is conferred upon the assignee.

In 9 C. J. 52, it is stated:

"It is generally held that a bond may be assigned and the assignee may maintain action thereunder in his own name, although it contains no words of negotiability or is not made payable to the obligee or his assigns. * * *

"The general rule under the various statutes is that bonds for payment of money or for money and property are assignable."

In the case at bar the bond was for the payment of money by the sureties to the company to indemnify against the defalcation of or by Ora Curran, salesman, in his capacity as a salesman collecting and remitting money payments due to the company. The provisions of the bond provide for its assignability.

Under the terms and conditions of the bond, the trial court committed no error in its proceedings. The judgment is affirmed.

Plaintiff prays that this court render judgment on the supersedeas bond, certified copy of which appears at pages 93 and 94 of the record. It is so ordered.

RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.