## WOOD & CO. v. SUTTON.

No. 25545.   Oct. 20, 1936.

J. D. Lydick and R. F. Barry, for plaintiff in error.

Billups & Billups, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error, as plaintiff below, against the plaintiff in error, as defendant below, on the 30th day of December, 1933, before Leo B. White, a justice of the peace in and for Oklahoma City, Okla. The action was brought to recover the balance due on an open account in the sum of $150, with interest thereon at 6 per centum per annum from the date the suit was instituted. For convenience the parties will be referred to as they appeared in the trial court.

During the months of November and December, 1933, the defendant Wood & Company, a corporation, was engaged in the wholesale vegetable business, and purchased from the plaintiff J. R. Sutton sweet potatoes in the total amount of $217.60. On this account the defendant caused to be paid to the plaintiff the sum of $67.60, leaving a balance due and owing on the account in the total sum of $150. This last amount the defendant declined to pay for the reason that it had prior to the institution of the suit, on the 20th day of December, 1933, secured an assignment from a Mr. O. V. Ellis. Such assignment evidenced a debt against the plaintiff in the amount of $175.20. This

last-stated amount represented three $50 checks paid by O. V. Ellis to the Morris Plan Company for the use and benefit of the plaintiff J. R. Sutton, with interest computed on the three payments at 6 per centum per annum from the date of each payment.

On January 23, 1934, a trial was had before the above-named justice of the peace, and he rendered judgment for the plaintiff in the amount claimed in his bill of particulars. Thereafter, in due time, the defendant perfected its appeal to the court of common pleas for Oklahoma county, Okla. After the appeal was lodged in that court, it filed its answer therein. In its answer the defendant admitted the purchase of the sweet potatoes and its refusal to pay the $150 held out of the purchase account, pleading that it had an assignment from Mr. O. V. Ellis, a creditor of the plaintiff, in the amount of $175, which completely set off plaintiff's claim. In the answer the defendant waived any claim for interest on its set-off, making the sum set off the exact balance due the plaintiff on the account.

The case was set down for hearing before the court of common pleas at Oklahoma City April 11, 1934, and all parties appeared. The plaintiff obtained leave of court to file instanter his verified reply to the answer of the defendant. This reply was a general denial of the matters and things set out in defendant's answer by way of a set-off. The plaintiff also made at that time an oral motion to strike all allegations of the defendant's answer pertaining to the assignment pleaded as a set-off. This motion was sustained by the court. Plaintiff made an oral motion for judgment on the pleadings, which motion was sustained by the court and a judgment rendered in favor of the plaintiff against the defendant in the amount of $150, with interest thereon from the date of the institution of this action. To all of which the defendant duly excepted and timely and properly lodged its appeal in this court.

The first proposition presented is whether such an assigned claim as reflected by this court can properly be pleaded as a set-off.

This assigned claim is a contractual obligation against the plaintiff, and is of such a nature that it could be made the basis of an original action and has the other characteristics of a set-off as defined by our statutes. Any liquidated claim secured by defendant by an assignment prior to the filing of an action may be used in such action as a set-off. The note of volume 19, American-English Annotated Cases, at page 333, sustained by the great weight of authority of other jurisdictions, best states the rule:

"It is a well-settled general rule that a defendant to whom a claim against the plaintiff has been assigned, may use such as a set-off or counterclaim in the action; the only prerequisite of its use being that the claim was a subsisting cause of action in the assignor, and that the assignment thereof was made before the suit against the assignee was instituted. The reason usually given by the court for favoring the right of the assignee to use the claim in this manner is that such use has a tendency to prevent circuity of action, and a multiplicity of suits."

The rule above stated can be found in 24 R. C. L. 831, section 38; also 57 C. J. 505, section 171.

This court has heretofore held that any chose in action not founded in tort is assignable, and the right of action is conferred upon the assignee. McClure v. Weigand Tea & Coffee Co., 158 Okla. 115, 12 P. (2d) 877.

This court has further held that the assignee of an assignable claim acquired as against the debtor all rights to which the assignor was entitled at the time of the assignment. State Guaranty Bank of Okeene v. Doerfler, 99 Okla. 258, 226 P. 1054. In the case of Mowatt v. Shidler, 66 Okla. 303, 168 P. 1169, this court held:

"In an action against one upon a contract, he may offset or plead as a defense thereto any claim arising to him by virtue of any contract with the one instituting the same."

The rule so announced was adopted and followed in Bradon v. Gulf Coast Lumber Co., 89 Okla. 215, 215 P. 202, and Wood & Company v. Val Blatz Brewing Co., 112 Okla. 119, 240 P. 115.

The second proposition presented by the record is whether under the law of this jurisdiction this claim was a proper set-off.

The chose in action assigned and pleaded as a set-off herein represented a money payment made by three checks of $50 each, and the interest on the same, and therefore constituted a liquidated amount. A liquidated debt is defined in vol. II, Bouvier's Law Dictionary, page 2026, as "A debt is such when it is certain what is due and how much is due."

37 C. J. 1264 says:

"An account, debt, claim, or demand is said to be liquidated when the amount due is fixed by law, or has been ascertained and agreed upon by the parties; when agreed upon by the parties or fixed as to the amount by the operation of law; when it appears that something is due and how much is due; when it is certain what is due and how much is due."

Section 206, Okla. Stats. 1931, is the section granting the right of set-off or recoupment:

"The defendant may set forth in his answer as many grounds of defense, counterclaims, set-offs, and for relief as he may have, whether they be such as have heretofore been denominated legal or equitable, or both."

Section 208, Okla. Stats. 1931, states when a set-off can be pleaded:

"A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court."

In this action, the defendant by its answer asking no affirmative relief thereby waived interest on the notes and asked no more than credit for the amount sued for by the plaintiff.

This assigned claim under the circumstances falling within the statutory definition of a set-off was properly pleaded as such in defense by the defendant, and that part of its answer should not have been stricken by the court. The plaintiff having timely obtained permission of the court to file his verified reply, the existence and accuracy of the set-off was placed at issue, which issue should have been determined by the trial of the action. Since a verified reply was filed by the plaintiff, it drew a sharp issue. The defendant's position in its brief that it was entitled to a judgment on the pleadings in its favor when plaintiff made a motion for such judgment is therefore without merit.

The court of common pleas of Oklahoma county was in error in striking the defendant's properly pleaded set-off and rendering judgment upon the pleadings. The case is, therefore, reversed and remanded to that court for a new trial consistent with the directions found herein. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys S. J. Montgomery, H. R. Young, and Eugene O. Monnet in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Montgomery and approved by Mr. Young and Mr. Monnet, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.