OKLAHOMA OXYGEN COMPANY, a Corporation, Plaintiff in Error,

v.

CITIZENS STATE BANK AND TRUST COMPANY OF KILGORE, TEXAS, a Banking Corporation organized under the laws of the State of Texas, Defendant in Error.

No. 36117.

Supreme Court of Oklahoma.

Sept. 14, 1954.

Ray S. Fellows, Charles R. Fellows, Tulsa, for plaintiff in error.

Conner, Winters, Randolph & Ballaine, Horace D. Ballaine, John E. Barry, Tulsa, for defendant in error.

DAVISON, Justice.

This is an action upon open account, brought by Oklahoma Oxygen Company, a corporation, as plaintiff, against W. T. Buck, d/b/a Buck Spray Painting Company, as defendant, wherein Phillips Petroleum Company, a corporation, is garnishee and Citizens State Bank and Trust Company of Kilgore, Texas, a banking corporation, intervened. The issues are between the plaintiff and the intervenor involving their respective rights to some $1,400 owed by the garnishee to defendant. The parties will be referred to as they appeared in the trial court.

The facts appear in the record in a stipulation of the parties. On April 1, 1950, the defendant, a resident of Texas, executed a notice of assignment of accounts receivable, to the intervenor, a Texas Corporation, in line with the provisions of the Texas law governing financing of accounts receivable, Vernon's Annotated Texas Statutes, Article 260–1, §§ 1 to 8. These statutory provisions are, in many respects, similar to Oklahoma laws on the same subject, 15 O.S. 1951 §§ 631–637. Said notice was duly recorded on April 3, 1950, in the office of the County Clerk of Gregg County, Texas, the home

county of the defendant and of the intervenor, in full compliance with the requirements of the above cited Texas law.

On August 14, 1951, the defendant entered into a written contract with the garnishee, designated No. T. P. 4007, whereby said defendant was to perform certain services for garnishee, in Arkansas, for a total sum of $4,940, to be paid to him by said garnishee. On the same day, the defendant assigned to intervenor all his accounts, claims and demands thereunder. The garnishee, was a Delaware corporation, with its principal place of business and home office at Bartlesville, Oklahoma, but the work to be done under said contract was to be supervised by the Minden, Louisiana, district office. A week later and on August 21, 1951, the defendant went to Tulsa and made contractual arrangements with plaintiff for the purchase of material and supplies which form the basis for this action. Defendant failed to pay for the same and, on December 13, 1951 plaintiff filed this action against the defendant, having a garnishee summons issued and served upon the garnishee. Service was had upon the defendant by publication. Plaintiffs' claim amounted to slightly less than $850. The garnishee answered, admitting an indebtedness on nearly $1,500 half due and the remainder subject to the filing of any lien claims. On February 27, 1952, the intervenor filed an application, for leave to intervene, with petition attached. Permission was granted and the petition filed, wherein applicant claimed the entire fund under the notice of assignment and assignment, above outlined. The controversy presented to the trial court was between the intervenor and the plaintiff and, upon trial, judgment was in favor of intervenor from which plaintiff has perfected this appeal. The garnishee has paid the fund into the registry of the court for distribution. Default judgment for plaintiff against defendant was unappealed from and is final.

The sole question for our determination is as to the superiority of the claims of plaintiff and intervenor to the fund now on deposit with the trial court. Much space, in the briefs of both parties, is devoted to argument on the effect of the accounts-receivable-financing statutes of the States of Texas and Oklahoma, both cited above. The arguments are informative and enlightening and, if this action involved priority of various assignments, would be determinative of many phases of the case. But issues here are between an assignee, on the one hand, and the attaching creditor with a subsequently incurred debt, on the other. There is no claim or indication of fraud or bad faith on the part of either party.

■ In the early case of Market Nat. Bank v. Raspberry, 34 Okl. 243, 124 P. 758, 759, L.R.A. 1916E, 79, it was stated,

"Notice may be important as to the garnishee or the claims of conflicting assignees; but a valid assignment unquestionably passes the title of the assignor without notice to the debtor, and after assigning, the assignor has no interest to be reached by his creditor in any proceeding. As between rival claimants of what is in the hands of a garnishee, notice to the garnishee is not matter for inquiry. Their rights do not depend on notice. Except as affected by the registry laws, a creditor can subject to legal process only the interest of his debtor, and his debtor has no interest in a chose in action he assigned before seizure by legal process."

■ This court has adhered to that rule since that time. It was more recently reaffirmed in the case of Sperry v. Renner, 194 Okl. 285, 149 P.2d 781, wherein it was held that,

"A garnisher is not a purchaser in good faith and acquires no greater right against the garnishee than the principal debtor had at the time of the service of process on the garnishee."

■ The purpose of the law relative to assignment of accounts receivable, 15 O.S. 1951 §§ 631 to 637, was to provide a method of giving notice of such an assignment to protect various assignees of the same account. But a garnishing creditor is in a different category. His rights to the fund are no greater than those of his

debtor, irrespective of notice of prior assignment. In the case at bar, the defendant has assigned, to the intervenor, his entire claim and demand against the garnishee, not only prior to the filing of suit but prior to incurring the indebtedness to plaintiff. He had no interest in or claim to the fund. Therefore, plaintiff acquired none by garnishment proceedings.

The judgment is affirmed.

HALLEY, C. J., and JOHNSON, CORN, and WILLIAMS, JJ., concur.

WELCH and BLACKBIRD, JJ., dissent.