Jeffrey W. SMITH, Cathy Smith, Merton Valentine and Betty Valentine, Appellants,

v.

FRONTIER FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.

No. 56724.

Supreme Court of Oklahoma.

July 27, 1982.

**5.** See also, 77 Am.Jur.2d Vendor and Purchaser § 772; 44 A.L.R. 92; 79 A.L.R.2d 1199 and the 1981 Later Case Service, p. 106.

Jon R. Ford of Ford, Grey, Harvey & Smith, Enid, for appellants.

Richard W. Gable of Gable, Gotwals, Rubin, Fox, Johnson & Baker, Tulsa, Robert B. Park of Park, Nelson, Caywood & Park, Chickasha, for appellee.

DOOLIN, Justice:

On February 1, 1978, Jeffrey N. Smith and Kathy L. Smith executed a mortgage to Frontier Federal Savings and Loan Association on a certain piece of property in Enid, Oklahoma. One of the provisions of the mortgage was a "due on sale" clause, under which if the Smiths transferred any interest in the property, then Frontier Federal would have the option to declare the

entire indebtedness due and payable. The clause also provided, however, that the option to accelerate payment could be waived if Frontier Federal gave its written consent to the transaction.[1]

Two years later the Smiths and Merton Valentine entered into a contract for deed involving the mortgaged property. The contract provided for the Smiths to be paid for their equity in the property and for Valentine to assume the Smith's monthly payments to Frontier Federal. The Valentines took possession of the property and agreed to pay the taxes and insurance premiums. Frontier Federal agreed to the transfer, but only if the interest rate was raised from 9.375% to 11.75%, and the monthly payment raised from $425.00 per month to over $500.00 per month.

The Valentines found the increases unacceptable. They and the Smiths filed suit in the District Court of Garfield County seeking a declaratory judgment that the contract for deed did not justify invocation of the due on sale clause or that the due on sale clause is void as an illegal restriction on the right of alienation.

The district court ruled in favor of Frontier Federal, and that ruling has been appealed to this Court.

I

DUE–ON–SALE CLAUSE

The validity of the due-on-sale clause has been answered by the United

1. The clause provided as follows:

"17. Transfer of the Property: Assumption. If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to the Mortgage, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an opinion in purchase. Lender may, at lender's option, declare all the sums secured by this Mortgage to be immediately due and payable, Lender shall have waived such option to accelerate if, prior to the sale or transfer. Lender and the person to whom the Property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Lender

and that the interest payable on the sums secured by this Mortgage shall be at such rate as Lender shall request. If Lender has waived the option to accelerate provided in this paragraph 17, and if Borrower's successor in interest has executed a written assumption agreement accepted in writing by Lender, Lender shall release Borrower from all obligations under this Mortgage and the Note.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 18 hereof.

States Supreme Court in the recent decision of *Fidelity Federal Savings and Loan Association, et al. v. Reginald D. de la Cuesta, et al.,* —— U.S. ——, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). The Court held that states may not overrule a regulation by the Federal Home Loan Bank Board which authorized and approved use of the due-on-sale clause by Federal Savings and Loan Associations.

## II

### CONTRACT FOR DEED

The state question remaining for resolution concerns whether the contract for deed is a transfer of the property or an interest therein, as used in the mortgage instrument, thus triggering the due-on-sale clause, making the loan balance due and owing.

The due on sale clause in the mortgage agreement between the Smiths and Frontier Federal *excluded* "the creation of a lien or encumbrance subordinate to this Mortgage."[2] Clearly, the parties must have contemplated that this exclusion would apply to an encumbrance given by the Smiths, such as a second mortgage to finance *remodeling.* It is equally clear that the parties did not intend this exclusion to apply to a transaction in which the Smiths sold the property to a third party (Valentines) and accepted a mortgage from that third party.

The appellants' argument is based on Laws 1976, Ch. 70, § 1 (now 16 O.S.Supp. 1980, § 11A).[3] They claim that because of this statute their contract for deed is in reality a mortgage and that their mortgage is subordinate to Frontier Federal's mortgage, making the exclusion quoted above precisely applicable.

**2.** See footnote 1, supra.

**3.** The statute provides as follows:

All contracts for deed for purchase and sale of real property made for the purpose or with the intention of receiving the payment of money and made for the purpose of establishing an immediate and continuing right of possession of the described real property, whether such instruments be from the debtor to the creditor or from the debtor to some third person in trust

It is true that under § 11A, the contract for deed executed by the appellants must be regarded as a mortgage. Unfortunately for the appellants, however, the mortgage has been given in the wrong direction: the Smiths are the mortgagees, not the mortgagors. Since the transaction was by statute a purchase money mortgage, equitable title passed to the Valentines even though the Smiths purported to retain title pending payment in full. The effect of the appellants' contract is that the Smiths have sold the property in question to the Valentines, retaining only a security interest; and that is the type of situation in which the due on sale clause may be invoked.

All the Justices concur.

for the creditor, shall to that extent be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages. No foreclosure shall be initiated, nor shall the court allow such proceedings, unless the documents have been filed of record in the county clerk's office, and mortgage tax paid thereon, in the amount required for regular mortgage transactions.