**RESOLUTION TRUST CORPORATION as Conservator for Cimarron Federal Savings & Loan Association, Plaintiff,**

**v.**

**Bobby Joe SUDDERTH a/k/a B.J. Sudderth a/k/a Robert J. Sudderth; Joyce Sudderth a/k/a Joyce E. Sudderth a/k/a Joyce Elaine Sudderth, Appellees,**

**and**

**A. Harold Ridenour a/k/a Harold Ridenour; and, Martha Joan Ridenour, Appellants,**

**and**

**Trustees, Home Savings & Loan Association Retirement and Savings Fund for Account of Employees; First National Bank of Chandler; Steve T. Lieb, P.C.; C.H. Sorrells, Jr.; Victor R. Cobb; Kenneth E. Lucas d/b/a Stephens Welding, Inc.; BDR Resources, Inc.; County Treasurer of Nowata County; and, the Board of County Commissioners of Nowata County, Oklahoma, Defendants.**

**No. 78988.**

Court of Appeals of Oklahoma,
Division No. 1.

March 23, 1993.

Rehearing Denied May 11, 1993.

Michael N. Brown, Timothy E. Lurtz, Oklahoma City, for appellants.

W.E. Maddux, Nowata, for appellees.

## MEMORANDUM OPINION

GARRETT, Judge:

In May, 1979, Robert J. Sudderth and Joyce E. Sudderth, husband and wife (Sellers), executed a contract for deed to residential real property, with Harold Ridenour and Martha Joan Ridenour, husband and wife (Buyers). The purchase price was $90,000.00. Buyers paid Sellers approximately $30,000.00 and assumed a first mortgage with approximately $60,000.00 balance, as full payment of the purchase price. Cimarron Federal Savings and Loan Association (S & L) was mortgagee. The contract required Buyers to pay $480.00 a month to Sellers, who in turn were required to forward those payments to S & L. The contract was recorded in the office of the County Clerk approximately five months later.

Buyers made the required monthly payments until June, 1990, when they were notified by S & L that Sellers had not made the required payments to it for approximately six months. S & L filed an action on the note and to foreclose its mortgage. Sellers, Buyers and others were named as Defendants and were properly served with Summons.

Sellers entered an appearance in the action and later answered. Buyers did not respond in any way. There were no cross-claims or counterclaims filed by any party. S & L (now in receivership with Resolution Trust Corporation acting as Conservator), filed a motion for summary judgment. The Court sustained the motion and entered judgment wherein S & L's mortgage lien was adjudged superior to all claims of all Defendants. Default judgment was entered for S & L against Buyers. The Court ordered the property sold if the judgment was not paid, and ordered the proceeds of the sale to be applied as follows:

FIRST. To the payment of the costs herein accrued and accruing;

SECOND. To the payment of the judgment and lien of the Plaintiff [S & L] in the amounts herein set out and any advancement by Plaintiff for taxes, insurance premiums or expenses necessary for the preservation of the subject property;

THIRD. The balance if any to be paid to the clerk of this court, to await further order of this court.

The property was sold at Sheriff's sale. After all amounts were paid according to the judgment, $11,614.87 remained. It was paid to the Court Clerk. Sellers filed a

motion for the surplus funds to be paid to them. In response, Buyers filed a notice of claim, and asserted a superior interest in the surplus funds. At a hearing on the matter, Sellers stood on the record contending that the entry of default judgment against Buyers precluded them from claiming the surplus funds. The Court found that it had no subject matter jurisdiction as to the validity of Buyers' claim, because Buyers had not filed any pleadings in the case. Buyers' argument, that their notice of claim was a sufficient pleading to assert their claim to the $11,614.87, was rejected. The surplus funds were ordered disbursed to Sellers. Buyers appeal and contend the entry of the default judgment against them in favor of S & L does not preclude their claim to the surplus funds.

 When a party is properly served, and fails to plead or otherwise defend, a default judgment may be entered against that party. 12 O.S.1991 § 2004(B). However, the judgment must conform to the pleadings. *LaBellman v. Gleason & Sanders, Inc.,* 418 P.2d 949 (Okl.1966). That is, the judgment may not be different in kind, or exceed the amount prayed for in the petition. 12 O.S.1991 § 2004(B). Here, S & L's petition sought to obtain judgment on its note and to establish its mortgage to be superior to all other claims and to foreclose its lien. It did not seek to establish the order of priority between claims made by the Defendants. The judgment foreclosing S & L's mortgage established it to be superior to all claims of all Defendants. It did not adjudicate the order of priority of claims made by Sellers and Buyers. The ownership of the surplus funds was a matter the Court was obligated to adjudicate, and the Court properly reserved jurisdiction to do so by the express terms of the judgment.

Buyers were not required to appear and defend against S & L's petition. To force a defendant to defend where they had no defense to Plaintiff's action would cause an unnecessary waste of their time and money. To hold that Buyers forfeited their right to any surplus funds by not responding to S & L's petition would enlarge S & L's judgment and give it an effect outside of and beyond the Court's jurisdiction as limited by the pleadings. *LaBellman v. Gleason & Sanders, Inc.,* supra.

This appears to be a case of first impression in Oklahoma. However, we find decisions in other states which are persuasive. See *Bank of Hawaii v. Horwoth,* 71 Haw. 204, 787 P.2d 674 (1990), and *Schroth v. Cape Coral Bank,* 377 So.2d 50 (Fla.App. 2 Dist.1979). The Florida Court held that the failure of defendants to defend against a Bank's action to foreclose a mortgage did not constitute a waiver of their claims to surplus proceeds of a foreclosure sale. The Hawaii Court held:

An action seeking to foreclose a mortgage is a matter within the cognizance of a court of equity.

Standing is that aspect of justiciability focusing on the party seeking a forum rather than on the issues he wants adjudicated. The party focused upon is almost invariably the plaintiff. Courts employ standing doctrines in deciding whether the litigant advancing a claim is or is not properly situated to be entitled to its adjudication.

A default judgment may not extend to matters outside the issues raised by the pleadings or beyond the scope of the relief demanded.

A ruling that the owner of mortgaged property could be dispossessed of the surplus proceeds of a foreclosure sale merely because he did not respond to the mortgagee's complaint, which made no claim thereto, would be totally inconsistent with due process.

 In Oklahoma, when the contract for deed was properly executed, equitable title to the real property passed to Buyers. Sellers retained only the bare legal title. *State Life Ins. Co. v. State ex rel., Kehn,* 135 P.2d 965 (Okl.1942). The interest retained by Sellers was equivalent to a mortgage, which guaranteed payment of the remaining sums due under the contract. 16 O.S.1991 § 11A, *Smith v. Frontier Federal Savings & Loan Assoc.,* 649 P.2d 536

(Okl.1982), *Panama Timber Co., Inc. v. Barsanti,* 633 P.2d 1258 (Okl.App.1981).

We hold that a defendant's failure to plead or otherwise defend against a plaintiff's petition wherein, inter alia, foreclosure of a mortgage and sale of the property involved is sought, does not, in itself, constitute a waiver by the defendant of any claim he or she may have to possible surplus funds resulting from the sale. Such default does not deprive the trial court of jurisdiction to conduct an evidentiary hearing to determine proper ownership of the surplus funds. In holding otherwise, the trial court erred.

Appellants contend they are entitled, as owners, to the surplus funds. They cite 12 O.S.1991 § 773. However, the trial court did not consider any evidence when its ruling was made. The Court relied on its subject matter jurisdiction finding. Appellants do appear to be owners on the existing appellate record, but all claimants have the right to present evidence on the disputed issue.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

ADAMS, P.J., and JONES, J., concur.