RUSHMORE LOAN MANAGEMENT SERVICES v. SOLORIO
2022 OK CIV APP 33
Case Number: 119697
Decided: 09/01/2022
Mandate Issued: 10/05/2022
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2022 OK CIV APP 33, __ P.3d __

 

RUSHMORE LOAN MANAGEMENT SERVICES, LLC, Interested Party/Appellant,
v.
TIMOTHY K. SOLORIO, Defendant/Appellee,
and
STRATFORD PLACE CONDOMINIUM OWNERS' ASSOC. INC., Plaintiff,
v.
TIMOTHY K. SOLORIO, FIRST MORTGAGE COMPANY, LLC, an Oklahoma Limited Liability Company, SPOUSE, IF ANY, OF TIMOTHY SOLORIO, and OCCUPANTS, TENANTS and OTHERS, Defendants.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE ALETIA HAYNES TIMMONS, TRIAL JUDGE

REVERSED AND REMANDED WITH DIRECTIONS

Blake C. Parrott, BAER TIMBERLAKE, P.C., Oklahoma City, Oklahoma, for Rushmore Loan Management Services, LLC

Floyd James, III, LAW OFFICES OF FLOYD JAMES III, Oklahoma City, Oklahoma, for Defendant Timothy K. Solorio

STACIE L. HIXON, JUDGE:

¶1 Rushmore Loan Management Services, LLC (Rushmore) appeals a June 7, 2021 order granting Timothy K. Solorio's (Solorio) motion for disbursement of surplus funds. Based on our review of the record and applicable law, we reverse the order and remand to the trial court with directions to hold an evidentiary hearing to determine the rights of Rushmore, Solorio, and any other claimant to the surplus funds.

BACKGROUND

¶2 On December 30, 2004, Paul A. Solorio (Borrower) executed a promissory note to First Mortgage Co., LLC (First Mortgage) in the sum of $24,500.00, as well as a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for First Mortgage, encumbering real property located in Oklahoma County, Oklahoma. Borrower died on February 22, 2009. A Petition for Probate and Letters of Administration was filed on March 31, 2010. A Notice to Creditors was issued. No claim was filed in relation to the real property. Subsequently, in the decree of distribution of Borrower's estate, the real property encumbered by First Mortgage's mortgage was distributed to Diane M. Solorio and Solorio. On November 23, 2016, Diane executed and delivered a quitclaim deed conveying her interest in the property to Solorio.

¶3 Stratford Place Condominium Owners' Association (COA) filed suit on July 10, 2018 against Solorio, First Mortgage, and any occupants or tenants of the condominium, seeking to foreclose an assessment lien.

¶4 On September 20, 2019, Rushmore entered an appearance and filed a Notice of Claim to Funds, requesting disbursement of the surplus funds. Rushmore asserted it was assigned the mortgage on March 6, 2019, that it was entitled to enforce the note and mortgage, the note was in default, and that the balance due under the note exceeded the surplus funds deposited with the Court Clerk.

¶5 Rushmore appeals.

STANDARD OF REVIEW

¶6 Foreclosure proceedings are equitable in nature. The trial court's judgment in an equity case will be affirmed on appeal "unless it is found to be against the clear weight of the evidence or is contrary to law or established principles of equity." Abboud v. Abboud, 2000 OK CIV APP 11614 P.3d 569

ANALYSIS

¶7 On appeal, Rushmore contends the trial court erred in granting Solorio's motion for disbursement of funds, asserting it has priority to the surplus funds as an assignee of First Mortgage's mortgage.

¶8 The record provides Borrower executed a note and mortgage to First Mortgage on December 30, 2004, encumbering the real property at issue. On July 10, 2018, COA filed suit to foreclose its assessment lien. See 60 O.S.2011, § 524

¶9 Although First Mortgage did not appear in the foreclosure action and the court entered a default judgment against it, it could still assert a claim as a junior encumbrancer to the surplus funds. The Court in Resolution Trust Corp. v. Sudderth, 1993 OK CIV APP 53854 P.2d 375

We hold that a defendant's failure to plead or otherwise defend against a plaintiff's petition wherein, inter alia, foreclosure of a mortgage and sale of the property involved is sought, does not, in itself constitute a waiver by the defendant of any claim he or she may have to possible surplus funds resulting from the sale. Such default does not deprive the trial court of jurisdiction to conduct an evidentiary hearing to determine proper ownership of the surplus funds.

See e.g. Household Fin. Servs., Inc. v. Bank of Am., N.A., 883 So. 2d 346, 348 (Fla. Dist. Ct. App. 2004) ("A default admits only the well pled allegations of the complaint. Thus, when the Bank defaulted, all it admitted was the superiority of Federal's lien to its own and Federal's right to foreclose the Bank's lien interest in the property."); Schroth v. Cape Coral Bank, 377 So.2d 50, 51 (Fla. 2d DCA 1979) (holding a property owner who did not appear in a mortgage foreclosure action until after the sale could still assert a claim to any surplus).

¶10 In determining who is entitled to surplus funds in a foreclosure, the general rule is that all encumbrances on mortgaged premises inferior to the mortgage or lien on which the sale is based must be paid in order of time in which they respectively became liens, if the claims have been asserted in the foreclosure proceedings. See e.g. Russell v. Freeman, 1949 OK 257214 P.2d 439BAC Home Loan Servicing, L.P. v. Kinder, 398 S.C. 619, 731 S.E.2d 547 (S.C. 2012) (Extinguishment of second mortgagee's lien on real property by virtue of foreclosure sale on first mortgage did not extinguish mortgagee's interest in surplus funds from sale, and therefore, assignment of second mortgage after foreclosure sale did not preclude assignee from claiming surplus funds from sale).

¶11 Solorio contends, however, that Rushmore does not have standing to pursue a claim to the surplus funds. We disagree. Under Oklahoma law, an assignee acquires all rights to which the assignor was entitled at the time of the assignment. See e.g., Redcorn, Jr. v. Knox, 2014 OK CIV APP 109345 P.3d 392Wood & Co. v. Sutton, 1936 OK 66761 P.2d 700Oklahoma Oxygen Co. v. Citizens State Bank & Trust Co. of Kilgore, Tex., 1954 OK 228274 P.2d 372See also Chicago R.I. & P. Ry. Co. v. Bankers' Nat. Bank, 1912 OK 166122 P. 499Walburn v. Chenault, 43 Kan. 352, 23 P. 657 (Kan. 1890)). Accordingly, by virtue of the assignment to Rushmore on March 6, 2019, properly filed on March 26, 2019, Rushmore was entitled to claim an interest in the surplus funds.

¶12 Solorio further asserts Rushmore's claim is against Borrower and not him. Thus, he is entitled to the surplus funds.

¶13 The record provides the real property was distributed to Solorio by succession. Under Oklahoma law, a mortgage follows real property passing by succession or will. See 46 O.S.2011, § 5In re Estate of Carlson, 2016 OK 6367 P.3d 486International Bank of Commerce v. Franklin, 2019 OK CIV APP 56451 P.3d 207

¶14 Finally, Solorio asserts Rushmore failed to serve him the Notice of Claim to Funds as required by 12 O.S.2011, § 2005

¶15 Title 12 O.S.2011, § 2005

A. SERVICE: WHEN REQUIRED. Except as otherwise provided in this title, every order required by its terms to be served, every pleading subsequent to the original petition unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party or any other person unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that:

1. Pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Section 2004 of this title;

¶16 Here, Rushmore was not asserting a new or additional claim for relief against Solorio. Rather, Rushmore, as an assignee, acquired any right First Mortgage had in the surplus funds. As previously noted, "[l]iens inferior to the foreclosed mortgage attach to the surplus proceeds in the same order and relative priority that they held before the foreclosure and must be paid in that order." 59A C.J.S. Mortgages § 1324 (2022). Accordingly, we reject this assertion of error.

¶17 The trial court therefore erred in granting Solorio's motion for disbursement of surplus funds. The matter is reversed and remanded with directions to the trial court to hold an evidentiary hearing to determine the rights of Rushmore, Solorio, or other claimant to the surplus funds.

¶18 REVERSED AND REMANDED WITH DIRECTIONS.

FISCHER, C.J., and BARNES, P.J., concur.

FOOTNOTES

Stonecipher v. District Court of Pittsburg Cty., 1998 OK 122970 P.2d 182